**From:** Luke McCoy <lmccoyjp@pulaskicounty.net>
**Sent:** Friday, October 23, 2026 7:04 PM UTC
**To:** alex.jones@kutakrock.com
**Subject:** Fw: Side by side 31A - 56
**Attachments:** side by side copy 2.pdf

**This Message Is From an External Sender**
This message came from outside your organization.

**From:** Julie Blackwood <julieanneblackwood@gmail.com>
**Sent:** Friday, August 14, 2026 4:27 PM
**To:** davisjp1@gmail.com <davisjp1@gmail.com>; nataliecappsjp@gmail.com <nataliecappsjp@gmail.com>; Kathy Lewison <kslewison@aol.com>; spersonjp@gmail.com <spersonjp@gmail.com>; Donna Massey <donnamassey64@gmail.com>; curtiskeith@yahoo.com <curtiskeith@yahoo.com>; tinawardjustice9@gmail.com <tinawardjustice9@gmail.com>; poatriciaforarkansas@gmail.com <poatriciaforarkansas@gmail.com>; amcrob5@gmail.com <amcrob5@gmail.com>; Luke McCoy <lmccoyjp@pulaskicounty.net>; pdelliott@gmail.com <pdelliott@gmail.com>; stacimedlock1@yahoo.com <stacimedlock1@yahoo.com>
**Subject:** Side by side 31A - 56

**⚠ EXTERNAL EMAIL**
This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and their email address.

I thought this might help anyone trying to compare the 2 ordinances.

**EXHIBIT**
**7**

# SIDE-BY-SIDE: 26-I-31A vs. 26-I-56

| Issue | 26-I-31A — Where to find it | 26-I-56 — Where to find it | Difference / Importance |
|---|---|---|---|
| **Purpose** | **p. 1, lines 32–40** | **p. 1, lines 29–45** | 56 adds more emphasis on project-specific disclosure, evidence-based review and preventing uncompensated costs. |
| **Legislative findings** | **pp. 2–3, lines 1–19** | **p. 2, lines 1–46** | 56 has considerably more detailed findings concerning infrastructure, water, fire, noise, traffic, drainage and regulatory costs. |
| **What is a HIDIU?** | **pp. 3–4, lines 11–24** | **pp. 4–5, lines 19–46** | Basically the same concept and thresholds, but 56 has more detailed definitions. |
| **10 MW single facility** | **p. 3, lines 20–25** | **p. 5, lines 18–31** | **Same basic threshold.** |
| **20 MW aggregate campus** | **p. 3, lines 23–25** | **p. 5, lines 31–36** | **Same basic concept.** |
| **100,000 sq. ft.** | **p. 3, lines 26–28** | **p. 5, lines 26–33** | **Same.** |
| **100,000 gallons/day water** | **p. 3, lines 29–31** | **p. 5, lines 29–35** | **Same.** |
| **3 MW generation/battery** | **p. 3, lines 32–34** | **p. 5, lines 32–36** | **Same.** |
| **Aggregation of phases/buildings** | **p. 4, lines 9–18** | **p. 7, lines 37–46** | 56 makes the aggregation concept more explicit. |
| **Heavy Industrial classification** | **p. 4, lines 25–27** | **p. 6, lines 1–16** | **Same basic classification.** |
| **CUP required** | **p. 4, lines 29–37** | **p. 7, lines 18–46 and p. 9** | 56 establishes a much more detailed application procedure. |

| | | | |
|---|---|---|---|
| **Application requirements** | **p. 4, lines 31–37; p. 5, lines 1–2** | **p. 9, lines 7–46; p. 10, lines 1–46** | 🚨 **56 is much more detailed.** |
| **Infrastructure capacity finding** | **p. 5, lines 3–11** | **p. 10, lines 31–39** | Both require proof of adequate infrastructure. |
| **Land-use compatibility** | **p. 5, lines 12–17** | **p. 10, lines 39–46** | 56 adds more factors to consider. |
| **Public health/safety** | **p. 5, lines 18–22** | **p. 11, lines 1–?** | 56 is more detailed. |
| **Water/wastewater capacity** | **p. 5, lines 23–27** | **p. 11, lines 1–?** | Both require proof of capacity. |
| **Transportation** | **p. 5, lines 28–31** | **p. 11, lines 8–13** | 56 expands the analysis. |
| **Environmental protection** | **p. 5, lines 32–?; p. 6** | **p. 11, lines 13–18** | 56 has more detailed environmental requirements. |
| **Failure to meet a criterion = denial** | **p. 6, lines 11–16** | **p. 11, lines 30–39** | **Both are strong.** |
| **Planning Board conditions** | **p. 6, lines 13–16** | **p. 11, lines 34–39** | Both allow conditions tied to impacts. |
| **Material modification** | **pp. 6–9** | **pp. 12–14** | 🚨 **56 substantially expands and clarifies this.** |
| **Electrical increase trigger** | **p. 7, lines 1–5** | **p. 13, lines 1–7** | 🚨 **Important wording difference.** |
| **Additional buildings/server halls** | **p. 7, lines 6–9** | **p. 13, lines 7–10** | Both address expansion. |
| **Floor-space increase** | **p. 7, lines 10–12** | **p. 13, lines 10–13** | Similar threshold. |
| **Water increase** | **p. 7, lines 13–15** | **p. 13, lines 13–17** | Similar threshold. |
| **Site/campus expansion** | **p. 7, lines 16–20** | **p. 13, lines 18–22** | Both address it. |

| | | | |
|---|---|---|---|
| **Change in purpose** | **p. 7, lines 21–23** | **p. 13, lines 22–27** | 56 adds additional types of operational changes. |
| **Planning Director determines material modification** | **p. 8, lines 1–5** | **p. 13, lines 31–46** | 56 has a much more detailed determination procedure. |
| **Cumulative impacts** | **p. 8, lines 6–19** | **p. 14, lines 1–16** | ⭐ **56 expressly emphasizes cumulative impacts.** |
| **Anti-phasing provision** | **p. 8, lines 20–27** | **p. 14, lines 10–16** | ⭐ **56 expressly prevents structuring/phasing to avoid review.** |
| **Appeal to Quorum Court** | **pp. 9–12** | **pp. 14–15** | Both have appeals, but 56 has a more detailed administrative process. |
| **30-day appeal** | **p. 10, lines 1–8** | **p. 14, lines 31–46** | Both establish appeal procedures. |
| **Burden on applicant** | **p. 11, lines 1–10** | **p. 15, lines 10–18** | **Both put burden on applicant.** |
| **Appeal stays construction** | **p. 11, lines 17–23** | **p. 15, lines 19–29** | Both protect against construction proceeding during appeal. |
| **Administrative record** | **p. 12, lines 10–28** | **p. 10–12 / Article 9** | 56 provides a very detailed record process. |
| **Noise — daytime** | **p. 13, lines 5–10** | **p. 15, lines 39–46; p. 16, lines 1–18** | **65 dBA in both.** |
| **Noise — nighttime** | **p. 13, lines 5–13** | **p. 16, lines 1–18** | **55 dBA in both.** |
| **500-foot residential setback** | **p. 13, lines 14–23** | **p. 16, lines 23–37** | **Same basic 500 feet; 56 gives more detail.** |
| **Water supply verification** | **p. 13, lines 24–29** | **p. 16, lines 38–46** | Both require verification. |
| **Electrical infrastructure** | **p. 14, lines 1–7** | **p. 17, lines 1–8** | Both require proof; 56 is more detailed. |

| | | | |
|---|---|---|---|
| **Fire protection** | **p. 14, lines 8–18** | **p. 17, lines 17–27** | 56 is more detailed. |
| **Traffic/roads** | **p. 14, lines 19–26** | **p. 17, lines 28–36** | 56 adds more specific requirements. |
| **Lighting** | **p. 14, lines 27–30** | **p. 17, lines 37–42** | Similar. |
| **Decommissioning plan** | **p. 15, lines 1–10** | **p. 17, lines 43–46; p. 18, lines 1–46** | 🚨 **56 is considerably more detailed.** |
| **Financial assurance** | **p. 15, lines 7–10** | **p. 18, lines 12–46; p. 19** | ⭐ **56 substantially strengthens this.** |
| **$25,000 application fee** | **p. 15, lines 12–19** | **p. 17, lines 20–46** | **Same $25,000 base fee.** |
| **$100,000 escrow** | **p. 15, lines 13–19** | **p. 18, lines 1–20** | 🚨 56 allows a more sophisticated cost-recovery/escrow system. |
| **Actual County review costs** | **p. 15, lines 16–19** | **pp. 18–28** | ⭐ **56 is much more detailed.** |
| **Annual monitoring fee** | **p. 15, lines 15–19** | **p. 21–24** | 56 has detailed methodology. |
| **County inspection authority** | **pp. 15–17** | **p. 28, lines 22–46** | Both provide inspection authority. |
| **Emergency inspection** | **p. 16, lines 7–13** | **p. 28, lines 32–39** | Both permit emergency inspection. |
| **Annual compliance report** | **p. 16, lines 14–27** | **pp. 28–30** | ⭐ 56 requires substantially more information. |
| **Five-year records** | **p. 17, lines 1–16** | **p. 30, lines 15–24** | Both require records. |
| **Violations** | **p. 17, lines 17–27** | **p. 30, lines 27–46** | 56 adds more detailed enforcement procedures. |
| **Notice of violation** | **p. 18, lines 1–15** | **p. 31, lines 1–16** | Both. |

| | | | |
|---|---|---|---|
| **Opportunity to cure** | **p. 18, lines 9–15** | **p. 31, lines 1–16** | Both. |
| **Administrative hearing** | **p. 18, lines 16–27** | **p. 31, lines 7–18** | Both; 56 is more detailed. |
| **Emergency stop-work** | **p. 19, lines 6–13** | **p. 31, lines 18–26** | Both. |
| **Suspension/revocation** | **pp. 19–20** | **p. 31, lines 25–38** | Both, with more procedural detail in 56. |
| **Permit duration** | **p. 20–22** | **p. 32, lines 1–46** | 56 provides more detailed expiration/extension rules. |
| **Ownership transfer** | **p. 22–24** | **p. 33, lines 1–25** | 56 adds more successor obligations. |
| **No creation of new vested rights** | **p. 24, lines 1–6** | **p. 36, lines 36–43; p. 37, lines 1–3** | ⭐ **56 provides a specific determination process.** |
| **Non-retroactivity** | **p. 24, lines 13–20+** | **pp. 34–37** | 🚨 **Major difference in detail.** |
| **Existing projects** | **p. 24, lines 13–20+** | **p. 32, lines 1–46 through p. 37** | 🚨 **56 has an entire Article 17 devoted to this.** |
| **Final County Approval** | **p. 24, lines 13–20+** | **p. 32, lines 7–31** | 🚨 **Very important for Avaio.** |
| **Projects without Final County Approval** | **p. 24** | **pp. 32–36** | 🚨 **56 provides a detailed test.** |
| **Utility-study acceptance** | **p. 24** | **p. 33, lines 1–16; p. 36** | 🚨 **Important for determining grandfather status.** |
| **Determination of exemption** | Limited | **p. 36, lines 1–35** | ⭐ **56 creates a specific Planning Director determination process.** |
| **Burden of proof for exemption** | Less developed | **p. 36, lines 31–35** | ⭐ **56 expressly places burden on person claiming exemption.** |