| | |
|---|---|
| **From:** | Julie Blackwood <julieanneblackwood@gmail.com> |
| **Sent:** | Monday, September 21, 2026 7:04 PM UTC |
| **To:** | Justin Blagg <jblagg@pulaskicounty.net> |
| **Subject:** | Fwd: A new emergency clause for item 26-I-56 |

⚠ **EXTERNAL EMAIL**
This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and their email address.

---------- Forwarded message ---------
From: <wendell.griffen@gmail.com>
Date: Fri, Sep 18, 2026 at 10:11 PM
Subject: A new emergency clause for item 26-I-56
To: Julie Blackwood <julieanneblackwood@gmail.com>

Julie,
We need an updated emergency clause for Item 26-I-56, and we need to designate the measure as "EMERGENCY ORDINANCE" on the first page.
I suggest that you submit the following Amendment to Item 26-I-56 on Monday.

ARTICLE 20. EMERGENCY CLAUSE.

The Quorum Court finds that High-Intensity Digital Infrastructure development of unprecedented scale is presently advancing in Pulaski County while the County does not have a comprehensive regulatory framework specifically addressing the site-specific land-use, infrastructure, public-safety, and property impacts associated with such development.

The Quorum Court further finds that at least one publicly announced High-Intensity Digital Infrastructure project in Pulaski County has commenced construction and is planned for development in multiple phases, and that additional phases, facilities, increases in capacity, changes in configuration, and other development activity may advance while the County lacks the comprehensive review standards established by this Ordinance.

The Quorum Court further finds that High-Intensity Digital Infrastructure Uses may involve unusually intensive electrical infrastructure and power demand, on-site power generation, transformers, generators, fuel storage, cooling systems, water and wastewater demand, heavy construction traffic, roads and drainage, noise, fire protection, hazardous-material response,

EXHIBIT
9

emergency-response capacity, and other conditions capable of materially affecting the life, health, safety, and property of people in Pulaski County.

The Quorum Court further finds that the location, scale, configuration, construction, expansion, and operation of such facilities may create site-specific impacts that cannot be adequately evaluated solely through regulation of utility rates, utility service, or other matters outside the County's land-use and infrastructure responsibilities, and that the County presently lacks a comprehensive process specifically requiring the disclosures, site-specific review, findings, monitoring, enforcement, and decommissioning protections established by this Ordinance.

The Quorum Court further finds that additional covered development activity, including phases, expansions, increases in capacity, changes in configuration, or other Material Modifications, may occur or materially advance before this Ordinance would otherwise become effective through the ordinary non-emergency process. Allowing such covered development activity to advance during that period without the protections established by this Ordinance may materially affect roads, drainage, fire protection, emergency-response capacity, water and wastewater infrastructure, neighboring property, and other matters affecting the life, health, safety, and property of people in Pulaski County.

The Quorum Court further finds that this Ordinance recognizes Final County Approvals and does not impair or adjudicate vested rights established under Arkansas law. The Ordinance establishes prospective requirements for covered development that has not obtained all required Final County Approvals and for post-effective-date Material Modifications to the extent permitted by law. Immediate effectiveness is therefore necessary to establish a definite date from which those prospective protections apply and to prevent additional covered development activity from advancing during an otherwise continuing regulatory gap.

Based upon these existing and presently developing circumstances, the Quorum Court finds that delay in the effectiveness of this Ordinance would continue a regulatory gap concerning unusually intensive development capable of materially affecting the life, health, safety, and property of people in Pulaski County. The Quorum Court therefore declares that a public emergency exists within the meaning of Arkansas Code Annotated § 14-14-

908 and Pulaski County Code § 2-26, and that immediate effectiveness of this Ordinance is necessary to address that emergency.

Accordingly, an emergency is hereby declared to exist, and this Emergency Ordinance shall become effective immediately upon passage by the Quorum Court and approval by the County Judge as provided by Arkansas Code Annotated § 14-14-908.

Please let me know if you disagree.

Wendell Griffen
he/him/his
Sent from my iPhone