**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADP LITTLE ROCK DATA HUB, LLC** **PLAINTIFF**

**vs.** **Case No. 4:26-cv-1196-LPR**

**PULASKI COUNTY, ARKANSAS;**
**BARRY HYDE, in his official capacity**
**as Pulaski County Judge;**
**JULIE BLACKWOOD, in her official capacity**
**as Pulaski County Justice of the Peace** **DEFENDANTS**

## PLAINTIFF'S RESPONSE TO MOTION FOR EXTENSION OF TIME

Plaintiff ADP Little Rock Data Hub, LLC ("ADP") responds to the motion for extension of time to file answer, response to motion for preliminary injunction, and to continue preliminary hearing filed on November 9, 2026, by defendants Pulaski County, Arkansas ("the County") and Pulaski County Judge Barry Hyde ("Judge Hyde") (Dkt. No. 13). For its response, ADP states:

1. ADP filed the Complaint on October 29, 2026, and served process on the County and Judge Hyde on November 2, 2026. Dkt. Nos. 1, 6, 7.

2. On November 4, 2026, ADP moved for a preliminary injunction against enforcement of Ordinance 26-OR-19 to prevent irreparable injury as this litigation proceeds. Dkt. No. 8.

3. On November 4, 2026, the Court set a preliminary injunction hearing on Friday, November 20, 2026, at 11:00 a.m., as well as a briefing schedule related to the motion; the Court issued a Notice of Hearing the next day. Dkt. Nos. 19, 20.

4. That schedule balances the need for expedited consideration related to ADP's multi-billion-dollar investment while allowing Defendants time to study the filings and prepare appropriate responses.

5. Since November 4, 2026, ADP has arranged for two witnesses to travel to Arkansas from out-of-state to deliver testimony at the hearing on November 20, 2026.

6. On November 9, 2026, three lawyers from the Pulaski County Attorney's Office entered appearances on behalf of Pulaski County and Judge Hyde. Dkt. No. 12.

7. The Pulaski County Attorney's Office is the office prescribed by law to defend this civil action. Ark. Code Ann. § 16-21-114(b).

8. On November 9, 2026, by and through the Pulaski County Attorney's Office, the County and Judge Hyde moved for extension of time to file an answer and response to motion for preliminary injunction, and to continue the preliminary hearing. Dkt. No. 13.

9. The County and Judge Hyde did not contact ADP regarding their motion. Nor do they assert that "extraordinary circumstances" made it "impracticable" to do so. Local Rule 6.2(b).

10. But the County and Judge Hyde state that two-week extensions of all deadlines are needed "[t]o ensure the County is adequately represented and to allow newly retained counsel sufficient time to review the pleadings, prepare an appropriate Answer, and formulate a meaningful response to the pending motion[.]" *Id.* at ¶ 6.[1]

11. The County and Judge Hyde say, "the County has been diligently seeking qualified legal representation from outside law firms to handle this matter" "[s]ince receiving service of the Complaint and Motion[.]" Dkt. No. 13 at ¶ 3.

[1] *But see* Ex. 1, Elizabeth L. Cline, "Wendell Griffen says Pulaski County is well-prepared to fight AVAIO's lawsuit," *Arkansas Times*, Nov. 5, 2026, *available at* https://arktimes.com/arkansas-blog/2026/11/05/wendell-griffen-says-pulaski-county-is-well-prepared-to-fight-avaios-lawsuit (accessed Nov. 9, 2026) (quoting Judge-Elect Griffen: "I fully expect that our county attorney's office is capable of handling litigation. We also have a very good relationship with the Association of Arkansas Counties that has litigation counsel, and so I think that those resources will be more than adequate for the task.").

12. The County and Judge Hyde say, "[b]ecause the County has not issued a stop-work order and the Plaintiff's project is actively proceeding, the Plaintiff will suffer no prejudice from the brief extension requested herein." *Id.* at ¶ 9.

13. However, the threat of a County-issued "stop-work order" is not the sole source of Plaintiff's prejudice. *See* Dkt. No. 9 at 31-33 (discussing Murphy Declaration and the likelihood of irreparable harm caused by threatened enforcement of Ordinance 26-OR-19). It is the uncertainty created by the Ordinance that calls for an expedited hearing.

14. Indeed, the County has no legal authority to issue a "stop-work order" concerning the project. All required permits for Phase I are in hand.

15. This litigation comes as no surprise to the County and Judge Hyde.

16. The Pulaski County Quorum Court debated Ordinance 26-OR-19 ("the Ordinance") and related measures all year, with specific regard to foreseen litigation about the measure's legality. The County and Judge Hyde have had actual or constructive notice of the high likelihood of litigation since no later than May 2026.

17. On September 25, 2026, Judge Hyde vetoed the Ordinance with specific regard to the likelihood of litigation. Dkt. No. 1 at 77, Compl. Ex. 4 (Hyde Veto) (describing Article 17 of the Ordinance as "an invitation to costly litigation over vested rights, due process, contractual interests, and constitutional property protections"); *id.* at 80 ("The litigation risk is real, and official immunity should not be misunderstood."); *id.* at 81 ("I am unwilling to place members of this Court, County employees who would be required to administer this ordinance, or the taxpayers of Pulaski County in the position of defending avoidable official-capacity or individual-capacity litigation when these legal questions can be addressed beforehand.").

18. ADP maintains its request for an expedited hearing. Dkt. No. 8 at 2.

19. The schedule which the Court set balances appropriate urgency while affording Defendants a meaningful opportunity to present evidence and argument at that hearing.

20. The proposed two-week delay does not strike the right balance because it minimizes the urgency needed under the circumstances.

21. Therefore, ADP requests that the Court deny the County and Judge Hyde's motion for extension of time to file answer, response to motion for preliminary injunction, and to continue preliminary hearing (Dkt. No. 13).

22. In the alternative, ADP requests that the Court modify the briefing schedule while preserving the preliminary injunction hearing set on November 20, 2026.

Dated: November 10, 2026.

**KUTAK ROCK LLP**

Jess Askew III, Ark. Bar No. 86005
Alexander T. Jones, Ark. Bar No. 2015246
Shayla I. Dawson, Ark. Bar No. 2023283
Adam P. Hagler, Ark. Bar No. 2026161
124 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3740
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
jess.askew@kutakrock.com
alex.jones@kutakrock.com
shayla.dawson@kutakrock.com
adam.hagler@kutakrock.com

*Attorneys for ADP Little Rock Data Hub, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(d)(1)(B), I hereby certify that on November 10, 2026, I served the foregoing on all Defendants pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure and by email transmission to email addresses intended to give prompt notice to all Defendants.

Alexander T. Jones