IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ADP LITTLE ROCK DATA HUB LLC PLAINTIFF

V. CASE NO. 4:26-cv-1196-LPR

PULASKI COUNTY, ARKANSAS;
BARRY HYDE, in his official capacity
as Pulaski County Judge;
JULIE BLACKWOOD, in her official capacity
as Pulaski County Justice of the Peace, DEFENDANTS

**SEPARATE DEFENDANT JULIE BLACKWOOD'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Separate Defendant, Julie Blackwood ("Blackwood"), in her official capacity as Pulaski County Justice of the Peace, by and through her undersigned counsel, James & Carter, PLC, for her Response to the Motion for Preliminary Injunction (Doc. 8)(the "Motion") filed by Plaintiff ADP Little Rock Data Hub LLC ("ADP"), states as follows:

ADP asks this Court, *inter alia*, to "enter a preliminary injunction directing . . . Defendant Pulaski County Justice of the Peace Julie Blackwood . . . to achieve immediate and complete compliance with [ADP's] request under Arkansas Freedom of Information Act Defendants received October 19, 2026." Brief in Support of Motion for Preliminary Injunction (Doc. 9 at 2)(the "Brief"); *see also* Complaint (Doc. 1)(the "Complaint"), at Exhibit 6 (Doc. 1 at 198-223)(the "October 19 FOIA Request").[1]

[1] In the Complaint, ADP asks for the same ultimate relief that it asks for in the Motion. Complaint at 37 ("[o]rder Defendants . . . to produce all public records wrongfully withheld form the written request submitted October 19, 2026").

This Court should deny ADP's request to enjoin Blackwood based on an analysis of the four factors set forth in *Dataphase Sys. Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981): "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."

THERE IS NO THREAT OF IRREPARABLE HARM

While all four *Dataphase* factors must be considered when determining whether a preliminary injunction should be issued, "a party moving for a preliminary injunction is required to show the threat of irreparable harm." *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994). "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996).

ADP alleges that it will suffer irreparable harm if the Ordinance is enforced at this time. Brief at 31-33. It does not allege (much less explain) how it will suffer harm (reparable or not) if this court refrains from ordering an immediate production of records. Because "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction," *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003), this Court should deny the Motion as to Blackwood on these grounds alone.

BALANCE OF THE EQUITIES FAVOR BLACKWOOD

Because ADP has demonstrated no harm, it cannot show that the harm created by the status quo will outweigh the harm to Blackwood of granting the requested preliminary injunction. Moreover, there is an obvious asymmetry here in that records mistakenly ordered produced at this time cannot be clawed back, but if the Court ultimately determines that any records are still being held by Blackwood and subject to disclosure, those documents can be disclosed in the normal course of litigation. The balance of the equities therefore tips against preliminary relief.

ADP IS NOT LIKELY TO SUCCEED ON THE MERITS

The "likelihood of success on the merits is most significant [*Dataphase* factor]." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012) (quotation omitted). "[T]he absence of a likelihood of success on the merits strongly suggests that preliminary injunctive relief should be denied." *CDI Energy Srvs., Inc. v. West River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009); *see also Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013).

Under the Arkansas Freedom of Information Act ("FOIA"), an Arkansas "citizen may make a request to the custodian to . . .receive copies of public records," Ark. Code Ann. § 25-19-105(2)(A), and the custodian (i.e. Arkansas public official responsible for keeping the record) must send a copy. The FOIA provides a method of enforcement in the form of an "appeal" to the state circuit court to enforce that mandate. Ark. Code Ann. § 25-19-107.

ADP is not likely to succeed on the merits of this claim because (1) the October 19 FOIA Request was not directed to her as the custodian of her own records, and (2) the Motion does not specifically identify any documents in Blackwood's custody to which it is entitled but it has not received.

1. The FOIA request should have been directed to Blackwood directly.

Although the October 19 FOIA Request was directed only to Pulaski County Judge Barry Hyde, it requested records "maintained by Pulaski County, Arkansas, to include you, your office, and staff, *as well as all members of the Pulaski County Quorum Court*." (emphasis added) Pulaski County Quorum Court Parliamentarian Justin Blagg ("Blagg") forwarded the 10/19/26 FOIA Request to Blackwood on October 20, 2026. Ex. 1 at ¶ 1. Blackwood provided the responsive records she initially located to Blagg on October 26, 2026 pursuant to Blagg's request to forward records by that date. Ex. 1 at ¶ 3.

However, the October 19 FOIA Request took an impermissible shortcut by addressing itself only to the County Judge via the County Attorney. With "respect to any public record, ["custodian"] means the person having administrative control of that record." Ark. Code Ann. § 25-19-103(2)(a). Neither the County Judge, nor the County Attorney, nor the Parliamentarian who passed the request along to Blackwood, are the custodians of the individual cell phone records and nongovernmental email accounts of the Pulaski County Justices of the Peace. Each justice the custodian of his or her own text messages and emails. In this case, Blackwood is the only government official with access to her emails and text message.

Ex. 1 at ¶ 5. The October 19 FOIA Request therefore was not addressed to the proper party and ADP or its representative must send the request to Blackwood directly to become the subject of an appeal under Ark. Code Ann. § 25-19-107.[2]

The Arkansas Supreme Court has made it clear that a FOIA must be directed to the custodian of the records being sought. *See, e.g. Fox v. Perroni,* 358 Ark. 251, 253, 188 S.W.3d 881, 882 (2004)(affirming a trial court finding that a check was a "public record" as defined by the FOIA, and that a judge was in "administrative control" of the check and, therefore, was *the correct person* to whom an FOIA request for the check should be directed)(emphasis added). A 2023 amendment to the FOIA further clarified that "if the custodian lacks administrative control over any responsive records that may exist, the custodian *shall* respond and identify the appropriate custodian to direct the request to, if known or readily ascertainable." Arkansas Code § 25-19-105(a)(3)(C)(emphasis added). This statutory procedure is required, and for good reason.

Blackwood's October 26, 2026 production included five months of phone logs but omitted one month of logs in error. Ex. 1 at ¶ 6; Brief at 26; Complaint at Exhibit 7 (Doc. 1 at 202). Rather than reach out to Blackwood directly, as the FOIA requires and Arkansas Code § 25-19-105(a)(3)(C) is meant to facilitate, the requestor sent a letter to three County officials – none of whom the custodians of Blackwood's phone

---

[2] "Although county judges have general 'custody' over all county property, that concept is distinct from the FOIA's use of 'custodian,' which is a term of art identifying the person with administrative control over particular public records and the corresponding duty to respond to FOIA requests. Accordingly, for emails of elected officials, the FOIA custodian is the individual with administrative control of those particular records, which, depending on the circumstances, may or may not be the county judge." Ark. Op. Att'y Gen. No. 2025-129 (Feb. 23, 2026).

logs – the next day alleging that "Justice Blackwood is violating FOIA by concealing her September call logs." Complaint at Exhibit 7 (Doc. 1 at 202). ADP now follows up this demand letter from its counsel with a request to "order Defendants and all persons in active concert with them to produce all public records wrongfully withheld. . ." Brief, at 27. But the FOIA does not contemplate this kind of scattershot demand; it requires a requestor to locate and interact with the correct custodian before commencing enforcement litigation.[3]

2. ADP has not identified responsive documents outstanding.

Blackwood has provided existing records in her possession identified specifically by ADP. There are two categories of records specifically alleged by ADP in its Complaint and Motion to be currently withheld by Blackwood: her September 4-October 3 log of phone calls and text messages and certain text messages deleted prior to the October 19 FOIA Request. Through counsel, she has now produced the September 4-October 3 call and text message log to Blagg and copied ADP counsel on the distribution. Ex. 1 at ¶ 8.

ADP also alleges that that evidence of deleted text messages demonstrates "concealment of other responsive communications." Brief at 22; Complaint at Exhibit 7 (Doc. 1 at 203). In response to the October 19 FOIA Request, Blackwood did produce

[3] Blackwood raises here only the arguments necessary to demonstrate that ADP is not entitled to a preliminary injunction, and may if the case continues raise additional procedural failures with the October 19 FOIA request and subsequent attempt to mount a Ark. Code Ann. § 25-19-107 appeal in this Court. For example, the Ark. Code Ann. § 25-19-107 specifically creates an action in the Circuit Courts of the State of Arkansas, and it is not clear that the legislature intended the procedure to create supplemental jurisdiction when a party like ADP always has the ability to file a state-court action rather than file a motion in federal court seeking nominally interim relief which would be, in reality, quite final. See the PUBLIC INTEREST section of this Response below.

text messages showing messages "liked" which do not themselves appear in the production, although the content of the message is preserved by the existence of the "like."

Blackwood stated that she deletes text messages daily as business practice. Ex. 1 at ¶ 9. To the extent Blackwood, prior to October 19, did not retain text messages that ADP sought in the October 19 FOIA Request, she was unable to produce those records. This is not a FOIA violation.[4] "The FOIA does not require that the document be retained because the FOIA is not a records-retention statute." *Daugherty v. Jacksonville Police Dep't,* 2012 Ark. 264, 15, 411 S.W.3d 196, 204 (2012)(citing Ark. Att'y Gen. 2000–220 (2000).

It is in this context ADP complains that "Blackwood . . . failed to preserve public records required to be retained under Ark. Code Ann. § 13-4-302(3)(A)." Brief, at 20; *see also* Complaint at ¶ 109. ADP cites that subsection but does not spell it out, and does not explain how it could apply to the facts of this case or create a remedy in the FOIA.

In fact, Section 13-4-302(3)(A) simply does not apply to Blackwood or the text messages at all. It provides the following record-keeping requirement:

> (3) For quorum court records:
>
> (A) The county shall permanently maintain:
>
> (i) Ordinance, appropriation ordinance, and resolution registers;

---

[4] ADP does not articulate an accusation that Blackwood deleted responsive text messages after receiving the October 19 FOIA, and it would be strange to posit that she produced text messages in the form "P liked [message x]" but also deleted the underlying "[message x]" itself in an attempt to suppress the same information in the latter text Blackwood included in her production of the former.

(ii) Records of proceedings;

(iii) Codification of ordinances;

(iv) Registers of county advisory and administrative boards;

(v) Appointments to subordinate service districts; and

(vi) Quorum court minutes.

Ark. Code Ann. § 13-4-302. First, Blackwood's text messages clearly do not fall into any of these categories. Second, the requirement to maintain the listed documents is placed on a county itself, not the individual justices of the peace. Finally, the allegation is irrelevant as a matter of law with respect to ADP's FOIA claim. There is no remedy in the FOIA for a violation of this record-retention statute, and the record-retention statute does not refer to the FOIA for its remedy.

THE PUBLIC INTEREST

ADP argues in closing that "[t]he public interest supports entry of preliminary injunctive relief to ensure that the public and electors learn the facts…" and that entry of preliminary injunctive relief will "uphold the status quo." Brief at 35. It also argues that denying such relief would "upend the status quo by disrupting ADP's project." *Id.* As an initial matter, the argument about the interests of the public in transparency depend on the successful application of FOIA's enforcement mechanism, and as shown above, ADP is not likely to succeed in using those mechanisms against Blackwood.

More fundamentally, ADP is not seeking to preserve the status quo with respect to Blackwood. It is seeking expedited ultimate relief in the form of an order

under Ark. Code Ann. § 25-19-107. The burden on a party seeking a preliminary injunction is especially heavy "where, as here, granting the preliminary injunction will give [the movant] substantially the relief [it] would obtain after a trial on the merits." *Hotchkiss v. Cedar Rapids Cmty. Sch. Dist.,* 115 F.4th 889, 893 (8th Cir. 2024).

## CONCLUSION

Plaintiff ADP Little Rock Data Hub LLC cannot establish that it is entitled, under *Dataphase* factors, to a preliminary injunction to enforce the Arkansas Freedom of Information Act against Defendant Julie Blackwood. In addition, ADP has not met the statutory requirements to obtain an order under Ark. Code. Ann § 25-19-107 compelling production on this record. This Court should deny the Motion.

Date: November 12, 2026

Respectfully submitted,

John T. Adams
Ark. Bar No. 2005014
JAMES & CARTER, PLC
100 River Bluff Drive, Suite 420
Little Rock, Arkansas 72202-2213
Tel 501.372.1414
jadams@jamescarterlaw.com
*Counsel for Julie Blackwood*