FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 16 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADP LITTLE ROCK DATA HUB, LLC** **PLAINTIFF**

vs. **Case No. 4:26-cv-01196-LPR**

**PULASKI COUNTY, ARKANSAS;**
**BARRY HYDE, in his official capacity**
**as Pulaski County Judge;**
**JULIE BLACKWOOD, in her official capacity**
**as Pulaski County Justice of the Peace** **DEFENDANTS**

**MOTION OF WENDELL GRIFFEN TO INTERVENE**

COMES NOW, Wendell Griffen, County Judge-elect of Pulaski County, Arkansas, and for his Motion to Intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, alternatively, Rule 24(b)(1)(B) does state:

1. Griffen was elected Pulaski County Judge on November 3, 2026 and will assume office on January 1, 2027.

2. Plaintiff challenges the validity of Pulaski County Ordinance No. 26-OR-19, which regulates high-intensity digital infrastructure uses in unincorporated Pulaski County. Plaintiff seeks declaratory and prospective injunctive relief prohibiting enforcement of the Ordinance.

3. The Ordinance was enacted by the Pulaski County Quorum Court over the veto of incumbent County Judge Barry Hyde. Judge Hyde's term expires December 31, 2026.

4. Beginning January 1, 2027, Griffen will assume the statutory and constitutional responsibilities of County Judge, including executive responsibilities relating to the administration of County government and the implementation of lawful County policies.

5. The relief requested by Plaintiff would directly affect the administration of County government during Griffen's term of office.

**I. Intervention of Right**

6. Rule 24(a)(2) authorizes intervention when the proposed intervenor has an interest relating to the subject of the action, disposition of the action may impair that interest, and existing parties may not adequately represent it.

7. This motion is timely. The action was filed October 29, 2026, and the Court has not yet resolved Plaintiff's request for preliminary injunctive relief.

8. Griffen has a substantial interest in the prospective administration of Ordinance No. 26-OR-19 and in preserving the lawful authority of the office he will assume on January 1, 2027.

9. A judicial determination invalidating the Ordinance or restricting its enforcement would directly affect the exercise of those responsibilities.

10. The existing defendants may not adequately represent Griffen's interests. The incumbent County Judge vetoed the Ordinance and will leave office on December 31, 2026. Griffen supports the County's authority to enact and enforce lawful regulations governing high-intensity digital infrastructure. The incumbent County Judge's opposition to the Ordinance creates a potential divergence between the current administration's litigation position and the interests of the incoming administration.

11. Although Pulaski County is a named defendant, Griffen has not yet assumed office, does not control the County's defense, and has no access to its internal records. He therefore cannot ensure that the interests of the incoming administration will be adequately presented in proceedings that may determine the County's authority to enforce the Ordinance after January 1, 2027.

12. Accordingly, Griffen requests intervention as of right under Rule 24(a)(2).

**II. Permissive Intervention**

13. Alternatively, Griffen requests permissive intervention under Rule 24(b)(1)(B).

14. Griffen's proposed defense presents questions of law and fact common to the principal action, including the County's authority to regulate land use and the validity and enforceability of Ordinance No. 26-OR-19.

15. His participation would assist the Court in considering the prospective consequences of the requested relief for the administration of County government.

16. Permissive intervention would not unduly delay the proceedings or prejudice the existing parties.

**III. Intervention Will Not Delay Proceedings**

17. Griffen recognizes the expedited schedule established by the Court for consideration of Plaintiff's request for preliminary injunctive relief.

18. He requests no extension of any existing deadline, no continuance of any scheduled hearing, and no additional discovery as a condition of intervention.

19. Griffen seeks intervention to participate in the proceedings concerning Plaintiff's Motion for Preliminary Injunction. He submits a Proposed Answer of Intervenor Wendell Griffen (Exhibit A) to comply with the pleading requirement of Rule 24(c), together with a Proposed Response of Intervenor Wendell Griffen to Plaintiff's Motion for Preliminary Injunction (Exhibit B). Griffen requests that the Court permit his participation without modification of the existing briefing schedule.

20. Griffen seeks to participate in the proceedings as they presently stand, without delaying adjudication of Plaintiff's claims.

**IV. Limited Duration of Intervention**

21. Griffen seeks intervention solely in his capacity as County Judge-elect and only until he assumes office on January 1, 2027. His immediate purpose is to participate in the preliminary-injunction proceedings, but he also seeks to participate in any other proceedings occurring before that date that may affect the authority and responsibilities of the office he will assume.

22. Defendant Barry Hyde is sued exclusively in his official capacity as Pulaski County Judge. Pursuant to Federal Rule of Civil Procedure 25(d), Griffen will automatically be substituted for Hyde in that official capacity upon assuming office on January 1, 2027.

23. Accordingly, Griffen requests that his intervention be limited to the period preceding his assumption of office, at which time his participation as an intervenor will become unnecessary by virtue of his substitution as the official-capacity defendant.

24. This limited intervention will permit the incoming County Judge to participate in the pending proceedings without creating an additional permanent party, duplicating representation, or delaying adjudication of Plaintiff's claims.

25. Expedited consideration of this Motion is warranted because the Court has scheduled a hearing on Plaintiff's Motion for Preliminary Injunction for November 20, 2026. Griffen seeks to participate in that hearing to protect the interests of the incoming county administration and address matters that may directly affect the exercise of his official responsibilities upon assuming office on January 1, 2027. Accordingly, Griffen respectfully requests that the Court rule on this Motion before the scheduled hearing.

**WHEREFORE,** Wendell Griffen respectfully requests that the Court grant his motion to intervene pursuant to Rule 24(a)(2), or alternatively Rule 24(b)(1)(B), expedite consideration of

this motion and enter an order before the preliminary-injunction hearing scheduled for November 20, 2026, to allow his meaningful participation in that proceeding, direct the Clerk to file the Proposed Answer of Intervenor Wendell Griffen, attached hereto as Exhibit A, and the Proposed Response of Intervenor Wendell Griffen to Plaintiff's Motion for Preliminary Injunction, attached hereto as Exhibit B, as of the date of the Order granting intervention, and grant all other appropriate relief.

Respectfully submitted,

Karla M. Burnett
Karla M. Burnett, Ark. Bar No. 94130

and

Danny R. Williams, Ark. Bar No. 93148
323 Center Street, Suite 1205
Little Rock, AR 72201
Telephone: (501)580-5380
Telephone: (501)413-5714
karlamburnett@gmail.com
dwilliamslaw.pi@gmail.com
Attorneys for County Judge-elect Wendell Griffen

CERTIFICATE OF SERVICE

I, Danny R. Williams, counsel for the Intervenor, hereby certify on this 16th day of November, 2026, that the foregoing pleading was electronically filed through the CM/ECF system pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and by email transmission to email addresses intended to give prompt notice to all Parties.

Danny R. Williams
Danny R. Williams