**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADP LITTLE ROCK DATA HUB, LLC** **PLAINTIFF**

vs. **Case No. 4:26-cv-01196-LPR**

**PULASKI COUNTY, ARKANSAS;**
**BARRY HYDE, in his official capacity**
**as Pulaski County Judge;**
**JULIE BLACKWOOD, in her official capacity**
**as Pulaski County Justice of the Peace** **DEFENDANTS**

**PROPOSED ANSWER OF INTERVENOR WENDELL GRIFFEN**

**COMES NOW** Wendell Griffen, County Judge-elect of Pulaski County, Arkansas, and for his Answer to Plaintiff's Complaint states:

Wendell Griffen (hereinafter, "Griffen") was elected Pulaski County Judge on November 3, 2026, and will assume office on January 1, 2027. He seeks intervention solely in his capacity as County Judge-elect. Until he assumes office, he has no authority to act on behalf of Pulaski County or direct its defense in this litigation.

This Answer is submitted pursuant to Rule 24(c) of the Federal Rules of Civil Procedure in support of Griffen's Motion to Intervene. Griffen responds based on his personal knowledge and information reasonably available to him. He has not had access to the County's internal records and does not purport to answer on behalf of any existing defendant.

**PARTIES, JURISDICTION, AND VENUE**

1. Griffen admits that Plaintiff is a limited liability company organized under Delaware law. He lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and therefore denies them.

2. Griffen admits that Pulaski County is a political subdivision of the State of Arkansas and that the Pulaski County Quorum Court, the County's legislative body, enacted

Ordinance No. 26-OR-19. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, Griffen denies the remaining allegations contained in paragraph 2.

3. Griffen admits that Barry Hyde is the incumbent Pulaski County Judge, that Judge Hyde vetoed Ordinance No. 26-OR-19, that the Quorum Court overrode his veto, and that Judge Hyde is sued solely in his official capacity. The remaining allegations concern the legal responsibilities of the County Judge and require no response.

4. Griffen admits that Justice of the Peace Julie Blackwood (hereinafter, "Justice Blackwood") is a member of the Pulaski County Quorum Court and is sued solely in her official capacity. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and therefore denies them.

5. Griffen denies that he acted under color of state law during the events alleged in the Complaint. To the extent paragraph 5 concerns the existing defendants, Griffen lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

6. Paragraph 6 states legal conclusions concerning subject-matter jurisdiction. Griffen does not contest this Court's jurisdiction over properly pleaded federal claims.

7. Paragraph 7 states a legal conclusion concerning supplemental jurisdiction. Griffen does not contest the Court's authority to exercise supplemental jurisdiction over claims satisfying 28 U.S.C. § 1367, subject to the limitations and discretion provided by that statute.

8. Griffen does not contest the Court's personal jurisdiction over him for purposes of his requested intervention.

9. Griffen admits the allegations contained in paragraph 9.

**SUMMARY OF CLAIMS**

10. Griffen denies the allegations contained in paragraph 10.

11. Griffen admits that he drafted legislation addressing high-intensity digital infrastructure and communicated with members of the Quorum Court while advocating for the adoption of that legislation. Griffen denies the remaining allegations contained in paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, Griffen denies the remaining allegations contained in paragraph 12.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, Griffen denies the remaining allegations contained in paragraph 13.

14. Griffen denies the allegations contained in paragraph 14.

15. Griffen denies the allegations contained in paragraph 15.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Griffen denies the remaining allegations contained in paragraph 16.

17. Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Griffen denies the remaining allegations contained in paragraph 17.

18. Griffen denies the allegations contained in paragraph 18.

19. Griffen denies the allegations contained in paragraph 19. The Ordinance is not limited by its terms to Plaintiff, and Griffen lacks knowledge or information sufficient to form a belief as to whether other industrial and commercial operations within the unincorporated areas of Pulaski County meet the water and electricity consumption thresholds identified in Section 4.1 of the Ordinance and therefore denies that allegation..

20. Griffen denies the allegations contained in paragraph 20.

21. Griffen denies the allegations contained in paragraph 21.

22. Griffen denies the allegations contained in paragraph 22.

23. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies them.

## FACTS

### ADP's Development and Site Plan Approval

24. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies them.

25. Griffen admits that County Planning and Development issued correspondence concerning a site plan for the proposed development. Griffen lacks knowledge sufficient to determine the scope and legal effect of any approval and therefore denies the remaining allegations contained in paragraph 25.

26. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies them.

27. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies them.

28. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies them.

29. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies them.

30. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies them. Griffen does not object to appropriate protection of information legally entitled to confidential treatment.

31. Griffen admits that, on August 10, 2026, Pulaski County Planning and Development issued written verification of 911 addresses for two structures identified as 4000 Avaio Way and 4003 Avaio Way, Little Rock, Arkansas, on the four parcels identified in paragraph 31 of the Complaint.

32. Griffen admits that the August 11, 2026, letter states that five conditions identified in the conditionally approved site plan dated December 19, 2024, had been satisfied. Griffen denies the remaining allegations contained in paragraph 32, including any characterization of the letter as establishing an unconditional right to construct and operate the proposed development without compliance with otherwise applicable law.

33. Griffen admits that the Quorum Court considered data center legislation during 2026. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 and therefore denies them.

34. Griffen denies the allegations contained in paragraph 34.

<u>Deliberation and Adoption of Ordinance No. 26-OR-19</u>

35. Griffen admits that he advocated for the adoption of legislation concerning high-intensity digital infrastructure and communicated with members of the Quorum Court. Griffen denies the remaining allegations contained in paragraph 35.

36. Griffen denies the allegations contained in paragraph 36.

37. Griffen denies the allegations contained in paragraph 37.

38. Griffen admits that he circulated proposed legislation and communicated with members of the Quorum Court. The email speaks for itself. Griffen denies the remaining allegations contained in paragraph 38 to the extent they characterize the communication as unlawful governmental action.

39. Griffen admits that Justin Blagg communicated with him concerning proposed legislation. The correspondence speaks for itself. Griffen denies the remaining allegations contained in paragraph 39 to the extent they characterize the communication as unlawful conduct.

40. Griffen admits communicating his opposition to an amendment during consideration of earlier data center legislation. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the votes of individual Quorum Court members and therefore denies those allegations. Griffen denies that his communication constituted unlawful governmental action.

41. Griffen denies the allegations contained in paragraph 41.

42. Griffen admits that he communicated with Justice Blackwood concerning proposed language for an emergency clause. The correspondence speaks for itself. Griffen denies the remaining allegations contained in paragraph 42 to the extent they characterize his conduct as unlawful.

43. Griffen denies the allegations contained in paragraph 43.

44. Griffen admits that the Quorum Court voted to enact Ordinance No. 26-OR-19 on September 22, 2026. The Ordinance and official legislative record speak for themselves.

45. Griffen admits that the Quorum Court considered and adopted an emergency clause. Griffen denies the remaining allegations contained in paragraph 45 to the extent they allege unlawful coordination.

46. Griffen admits that the Ordinance included an emergency clause. The applicable statute and Ordinance govern its effective date.

47. Griffen admits that Judge Hyde vetoed the Ordinance on September 25, 2026. Griffen denies the remaining allegations contained in paragraph 47 to the extent they assert that Judge Hyde's stated objections establish the Ordinance's illegality.

48. Griffen admits the allegations contained in paragraph 48.

<u>What the Ordinance Does and Does Not Do</u>

49. Griffen admits that Article 2(d) of Ordinance No. 26-OR-19 identifies as one of the Ordinance's seven stated purposes the requirement of "project-specific disclosure and review of electrical demand, water and wastewater demand, transportation, drainage, noise, lighting, fire protection, emergency response, hazardous materials, on-site generation, battery energy storage, and decommissioning before approval, permitting, construction, or material modification of High-Intensity Digital Infrastructure land-use projects." *See*, Ex. 3 to the Complaint. Griffen denies any characterization of Article 2 inconsistent with its complete text.

50. Griffen admits that Section 4.1(a) establishes an electrical-demand threshold for covered uses. The Ordinance speaks for itself.

51. Griffen admits that Section 4.1(b) establishes a building-area criterion for covered uses. The Ordinance speaks for itself.

52. Griffen admits that Section 4.1(c) establishes a water-demand criterion for covered uses. The Ordinance speaks for itself.

53. Griffen lacks knowledge or information sufficient to form a belief concerning the number, characteristics, or geographic locations of other industrial or commercial operations within Pulaski County that allegedly meet the criteria set forth in Section 4.1 of Ordinance No. 26-OR-19, and therefore denies those allegations. Griffen admits that Section 4.1 contains

exceptions for certain uses but denies that those exceptions establish unlawful discrimination against ADP.

54. Griffen denies the allegations contained in paragraph 54. The Ordinance is not limited by its terms to Plaintiff.

55. Griffen admits that Section 6.2 establishes application requirements, including disclosure of specified infrastructure information. The Ordinance speaks for itself.

56. Griffen admits that Article 7 establishes criteria for approval of covered applications. Griffen denies the remaining allegations contained in paragraph 56 to the extent they characterize the Ordinance inconsistently with its text.

57. Griffen admits that the Ordinance contains provisions governing the evaluation of applications. Griffen denies the remaining allegations contained in paragraph 57 to the extent they allege that those provisions exceed lawful County land-use authority.

58. Griffen admits that the Ordinance provides for review of specified land-use and infrastructure impacts. Griffen denies the remaining allegations contained in paragraph 58 to the extent they allege that those provisions constitute regulation of matters exclusively reserved to utility regulators.

59. Griffen admits that the Ordinance contains provisions addressing appeals and affected parties. Griffen denies the remaining allegations contained in paragraph 59 to the extent they allege that those provisions are unlawful.

60. Griffen admits that Section 10.4 addresses electrical infrastructure and expressly states that it does not regulate utility rates, tariffs, service contracts, or matters within the PSC's authority.

61. Griffen denies the allegations contained in paragraph 61.

62. Griffen admits that Section 12.4 contains reporting requirements concerning electrical demand. Griffen denies the remaining allegations contained in paragraph 62 to the extent they characterize those requirements as unlawful utility regulation.

63. Griffen admits that Section 12.4 includes reporting requirements concerning generators, batteries, and material operational changes. Griffen denies the remaining allegations contained in paragraph 63 to the extent they allege that those requirements exceed County authority or are unconstitutionally vague.

64. Griffen admits that Section 12.6 addresses lawful access and judicial remedies. Griffen denies the remaining allegations contained in paragraph 64 to the extent they allege that the Ordinance grants County officials unrestricted access to private property.

Federal Preemption

65. Griffen denies the allegations contained in paragraph 65.

66. Griffen admits that the Federal Energy Regulatory Commission (hereinafter, "FERC") possesses authority conferred by the Federal Power Act. Griffen denies the remaining allegations contained in paragraph 66 to the extent they characterize that authority as eliminating otherwise lawful local land-use regulation.

67. Griffen admits that FERC issued the order cited in paragraph 67 of the Complaint and that the quoted language appears therein. Griffen denies that the order establishes exclusive federal jurisdiction over data center development generally. To the contrary, the Commission expressly recognized that resolution of issues involving large-load additions requires the involvement of federal, state, and local entities. 195 FERC ¶ 61,212, ¶ 42 (June 18, 2026). The Commission further recognized continuing state authority over siting decisions and construction

associated with large-load projects. Id. ¶ 46. Griffen denies any remaining allegations inconsistent with the order.

68. Griffen denies the allegations contained in paragraph 68.

69. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and therefore denies them.

70. Griffen admits that the cited FERC order exists and is attached to the Complaint. The order speaks for itself.

<u>Regulation and Discrimination Against Interstate Commerce</u>

71. Griffen admits that interstate transmission of electricity is subject to federal regulation. Griffen denies the remaining allegations contained in paragraph 71 to the extent they assert that this fact deprives the County of otherwise lawful land-use authority.

72. Griffen admits that the Commerce Clause restricts state and local regulation of interstate commerce. Griffen denies the remaining allegations contained in paragraph 72 to the extent they assert that all local regulation affecting interstate commerce is prohibited.

73. Griffen denies the allegations contained in paragraph 73.

74. Griffen denies the allegations contained in paragraph 74.

75. Griffen denies the allegations contained in paragraph 75.

<u>Arkansas Public Service Commission Preemption</u>

76. Griffen admits that the Ordinance recognizes that certain applications may affect public-service entities.

77. Griffen admits that Article 4 defines an affected public-service entity. The Ordinance speaks for itself.

78. Griffen admits that the Ordinance includes notice and appeal provisions concerning affected public-service entities. The Ordinance speaks for itself.

79. Griffen admits that Entergy Arkansas is an electric utility subject to applicable PSC jurisdiction. Griffen denies the remaining allegations contained in paragraph 79 to the extent they assert that PSC jurisdiction necessarily preempts the Ordinance.

80. Griffen admits that the PSC exercises statutory regulatory responsibilities concerning public utilities.

81. Griffen admits that Entergy Arkansas may qualify as an affected public-service entity under the Ordinance. Griffen denies the remaining allegations contained in paragraph 81.

82. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 and therefore denies them.

83. Griffen admits that Article 7 addresses infrastructure capacity. Griffen denies the remaining allegations contained in paragraph 83 to the extent they characterize the provision as granting authority to regulate utility rates or service contracts.

84. Griffen admits that the PSC possesses statutory authority over utility rates and other matters assigned to it by Arkansas law.

85. Griffen denies the allegations contained in paragraph 85.

86. Griffen denies the allegations contained in paragraph 86.

87. Griffen admits that a governmental body cannot exercise jurisdiction withheld from it by law. Griffen denies the remaining allegations contained in paragraph 87 to the extent they assert that the Ordinance exercises such jurisdiction.

Federal Equal Protection

88. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 and therefore denies them.

89. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 and therefore denies them.

90. Griffen admits that the Ordinance distinguishes uses in which digital computing is incidental from high-intensity digital infrastructure uses. Griffen denies the remaining allegations contained in paragraph 90 to the extent they allege unlawful discrimination.

91. Griffen admits that the Ordinance regulates defined high-intensity digital infrastructure uses rather than every industrial or commercial use with significant utility demand. Griffen denies the remaining allegations contained in paragraph 91 to the extent they assert that those other uses are similarly situated.

92. Griffen denies the allegations contained in paragraph 92.

93. Griffen admits that commercial and industrial electricity customers may enter service agreements with utilities. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's ESA and therefore denies those allegations.

94. Griffen admits that some electric service arrangements may contain demand-response provisions. Griffen lacks knowledge or information sufficient to form a belief as to the truth of any allegations concerning the terms of Plaintiff's ESA and therefore denies them.

95. Griffen admits that electrical load and system reliability are relevant considerations for utilities and system operators.

96. Griffen denies the allegations contained in paragraph 96 to the extent they assert that the Ordinance authorizes regulation of utility contracts or unlawfully treats similarly situated businesses differently.

97. Griffen admits that the Ordinance addresses water demand associated with covered land uses. Griffen denies the remaining allegations contained in paragraph 97 to the extent they assert unlawful disparate treatment.

98. Griffen denies the allegations contained in paragraph 98.

99. Griffen denies the allegations contained in paragraph 99.

100. Griffen lacks knowledge or information sufficient to form a belief as to the accuracy and completeness of the quoted communication without reviewing the underlying record. Griffen denies the remaining allegations contained in paragraph 100 to the extent they assert that the communication establishes an unlawful purpose.

101. Griffen admits communicating with Justice Davis concerning the proposed development and the authority of the incumbent County Judge. The complete communication speaks for itself. Griffen denies the remaining allegations contained in paragraph 101 to the extent they assert unlawful governmental action.

102. Griffen denies the allegations contained in paragraph 102.

Denial of Rights Under FOIA

103. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 and therefore denies them.

104. Paragraph 104 states a legal conclusion to which no response is required. To the extent a response is required, Griffen denies that the October 19, 2026 request complied in all respects with the requirements of the Arkansas Freedom of Information Act.

105. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 and therefore denies them.

106. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 106 and therefore denies them. Griffen further denies that Plaintiff has established the asserted violation of law.

107. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 and therefore denies them.

108. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 and therefore denies them.

109. Griffen denies that Ark. Code Ann. § 13-4-302(3) requires the permanent retention of all communications and other records sought in the October 19, 2026 request. Griffen lacks knowledge or information sufficient to form a belief as to whether Pulaski County, Justice Blackwood, or other records custodians failed to preserve any records required to be retained under that statute, and therefore denies the remaining allegations of paragraph 109.

110. Griffen admits that the October 19, 2026 request attached as Exhibit 6 was submitted by Alexander T. Jones, who identified himself as an Arkansas citizen. Griffen denies that paragraph 110 establishes ADP's entitlement to appeal under Ark. Code Ann. § 25-19-107 and denies any remaining allegations inconsistent with the statute.

Irreparable Harms to ADP

111. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 and therefore denies them.

112. Griffen lacks knowledge or information sufficient to form a belief concerning the existence, contents, or evidentiary significance of the business records referenced in paragraph

112 and therefore denies those allegations. The remaining allegations concern ADP's stated intention to submit documents under seal and subject to a protective order, to which no response is required.

113. Griffen denies the allegations contained in paragraph 113.

114. Griffen denies the allegations contained in paragraph 114.

115. Griffen denies the allegations contained in paragraph 115.

116. Griffen denies the allegations contained in paragraph 116.

**COUNT I**
**FEDERAL PREEMPTION**

117. Griffen incorporates his responses to paragraphs 1 through 116.

118. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 and therefore denies them.

119. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the technical characteristics of Plaintiff's proposed electrical service. Griffen denies the remaining allegations contained in paragraph 119 to the extent they assert that the proposed land use is beyond County regulatory authority.

120. Griffen admits that FERC made statements concerning large-load interconnections in the cited order. The order speaks for itself.

121. Griffen denies the allegations contained in paragraph 121.

122. Griffen admits that the County Planning Board does not possess FERC's authority to regulate interstate transmission. Griffen denies the remaining allegations contained in paragraph 122.

123. Griffen admits that Plaintiff disputes the County's authority to apply the Ordinance to its proposed development. Griffen denies the remaining allegations contained in

paragraph 123 to the extent they assert an actual or imminent unlawful exercise of utility regulatory authority.

124. Griffen denies the allegations contained in paragraph 124.

125. Griffen denies the allegations contained in paragraph 125.

126. Griffen denies the allegations contained in paragraph 126.

127. Griffen denies the allegations contained in paragraph 127.

**COUNT II**
**COMMERCE CLAUSE**

128. Griffen incorporates his responses to paragraphs 1 through 127.

129. Griffen admits that interstate transmission of electricity is subject to federal regulation. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the technical characteristics of Plaintiff's proposed interconnection and therefore denies those allegations. Griffen denies that those characteristics exempt the development from lawful land-use regulation.

130. Griffen denies the allegations contained in paragraph 130.

131. Griffen admits that the County may not exercise regulatory authority reserved exclusively to the federal government. Griffen denies the remaining allegations contained in paragraph 131 to the extent they assert that the Ordinance exercises such authority.

132. Griffen admits that the Commerce Clause prohibits unlawful discrimination against interstate commerce.

133. Griffen admits that Plaintiff disputes the County's regulatory authority. Griffen denies the remaining allegations contained in paragraph 133 to the extent they assert a threatened unconstitutional injury.

134. Griffen denies the allegations contained in paragraph 134.

135. Griffen denies the allegations contained in paragraph 135.

136. Griffen denies the allegations contained in paragraph 136.

137. Griffen denies the allegations contained in paragraph 137.

**COUNT III**
**PUBLIC SERVICE COMMISSION PREEMPTION**

138. Griffen incorporates his responses to paragraphs 1 through 137.

139. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 and therefore denies them.

140. Griffen admits that the PSC possesses statutory jurisdiction over specified utility rates and services. Griffen denies the remaining allegations contained in paragraph 140 to the extent they assert that every aspect of Plaintiff's ESA is exclusively regulated by the PSC.

141. Griffen denies the allegations contained in paragraph 141.

142. Griffen admits that the County Planning Board does not possess the PSC's statutory utility regulatory authority. Griffen denies the remaining allegations contained in paragraph 142.

143. Griffen admits that Plaintiff disputes the County's regulatory authority. Griffen denies the remaining allegations contained in paragraph 143 to the extent they assert unlawful interference with PSC jurisdiction.

144. Griffen denies the allegations contained in paragraph 144.

145. Griffen denies the allegations contained in paragraph 145.

146. Griffen denies the allegations contained in paragraph 146.

147. Griffen denies the allegations contained in paragraph 147.

**COUNT IV**
**DEPRIVATION OF EQUAL PROTECTION**

148. Griffen incorporates his responses to paragraphs 1 through 147.

149. Griffen denies the allegations contained in paragraph 149.

150. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 and therefore denies them.

151. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 and therefore denies them.

152. Griffen admits that the Ordinance distinguishes defined high-intensity digital infrastructure uses from specified other land uses. Griffen denies the remaining allegations contained in paragraph 152 to the extent they assert that those uses are similarly situated.

153. Griffen denies the allegations contained in paragraph 153.

154. Griffen denies the allegations contained in paragraph 154.

155. Griffen denies the allegations contained in paragraph 155.

156. Griffen denies the allegations contained in paragraph 156.

157. Griffen denies the allegations contained in paragraph 157.

158. Griffen denies the allegations contained in paragraph 158.

159. Griffen denies the allegations contained in paragraph 159.

160. Griffen denies the allegations contained in paragraph 160.

**COUNT V**
**DEPRIVATION OF DUE PROCESS**

161. Griffen incorporates his responses to paragraphs 1 through 160.

162. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the terms or status of Plaintiff's contract. Griffen denies the

remaining allegations contained in paragraph 162 to the extent they assert that Plaintiff has established the claimed constitutional property interest.

163. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise timing of Plaintiff's property acquisition and development activities and therefore denies those allegations. Griffen admits that the Ordinance was enacted in 2026.

164. Griffen denies the allegations contained in paragraph 164.

165. Griffen denies the allegations contained in paragraph 165.

166. Griffen denies the allegations contained in paragraph 166.

167. Griffen denies the allegations contained in paragraph 167.

168. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning every public statement attributed to proponents of the Ordinance. Griffen denies the remaining allegations contained in paragraph 168 to the extent they assert that such statements determine the Ordinance's lawful application to Plaintiff.

169. Griffen denies the allegations contained in paragraph 169.

170. Griffen denies the allegations contained in paragraph 170.

171. Griffen denies the allegations contained in paragraph 171.

172. Griffen denies the allegations contained in paragraph 172.

**COUNT VI**
**TAKINGS WITHOUT COMPENSATION**

173. Griffen incorporates his responses to paragraphs 1 through 172.

174. Griffen denies the allegations contained in paragraph 174.

175. Griffen denies the allegations contained in paragraph 175.

176. Griffen admits that the Ordinance was enacted in 2026. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 176 and therefore denies them.

177. Griffen admits that the August 11, 2026, letter predates enactment of the Ordinance. Griffen denies the remaining allegations contained in paragraph 177 to the extent they assert that Plaintiff has established vested development rights.

178. Griffen denies the allegations contained in paragraph 178.

179. Griffen admits that the Ordinance contains provisions concerning lawful access and remedies. Griffen denies the remaining allegations contained in paragraph 179, including the allegation that enactment of those provisions constitutes an actual physical taking.

180. Griffen admits that the Ordinance addresses the handling of confidential information. Griffen denies the remaining allegations contained in paragraph 180 to the extent they assert that the Ordinance authorizes unlawful appropriation or disclosure of trade secrets.

181. Griffen denies the allegations contained in paragraph 181.

182. Griffen denies the allegations contained in paragraph 182.

183. Griffen denies the allegations contained in paragraph 183.

184. Griffen denies the allegations contained in paragraph 184.

185. Griffen denies the allegations contained in paragraph 185.

**COUNT VII**
**CONTRACT CLAUSE VIOLATION**

186. Griffen incorporates his responses to paragraphs 1 through 185.

187. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 and therefore denies them.

188. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 and therefore denies them.

189. Griffen denies the allegations contained in paragraph 189.

190. Griffen denies the allegations contained in paragraph 190.

191. Griffen admits that the County lacks authority to regulate matters exclusively reserved to FERC or the PSC. Griffen denies the remaining allegations contained in paragraph 191 to the extent they assert that the Ordinance attempts to exercise such authority.

192. Griffen admits that the Contract Clause restricts certain state impairments of contractual obligations. Griffen denies the remaining allegations contained in paragraph 192 to the extent they assert that every governmental action affecting a contract violates the Contract Clause.

193. Griffen denies the allegations contained in paragraph 193.

194. Griffen denies the allegations contained in paragraph 194.

195. Griffen denies the allegations contained in paragraph 195.

**COUNT VIII**
**INVALIDITY UNDER FOIA**

196. Griffen incorporates his responses to paragraphs 1 through 195.

197. Paragraph 197 states legal conclusions concerning the Arkansas FOIA. The statute speaks for itself. Griffen denies any interpretation inconsistent with its text.

198. Paragraph 198 states legal conclusions concerning the Arkansas FOIA. The statute speaks for itself. Griffen denies any interpretation inconsistent with its text.

199. Griffen admits communicating with members of the Quorum Court concerning proposed data center legislation. Griffen denies the remaining allegations contained in paragraph 199.

200. Griffen admits communicating his opposition to an amendment under consideration on May 26, 2026. Griffen denies the remaining allegations contained in paragraph 200 to the extent they assert that the communication constituted an unlawful meeting or deliberation.

201. Griffen admits that he developed proposed legislation concerning high-intensity digital infrastructure and communicated concerning that proposal. The text message speaks for itself. Griffen denies the remaining allegations contained in paragraph 201 to the extent they assert that his activities constituted an unlawful exercise of governmental authority.

202. Griffen admits communicating concerning proposed legislation and the County's potential legal exposure. The complete communications speak for themselves. Griffen denies the remaining allegations contained in paragraph 202 to the extent they assert that the communications established an unlawful meeting or legislative deliberation.

203. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203 and therefore denies them.

204. Griffen admits communicating with Quorum Court members concerning proposed legislation. Griffen denies the remaining allegations contained in paragraph 204 to the extent they assert that those communications constituted unlawful deliberations.

205. Griffen admits that he communicated concerning Items 26-I-45A and 26-I-52, which were separate legislative proposals and were not enacted as Ordinance 26-OR-19. Griffen denies that the communications constituted unlawful polling or deliberation under the Arkansas Freedom of Information Act and denies the remaining allegations of paragraph 205.

206. Griffen admits communicating congratulations concerning developments in the consideration of proposed legislation. Griffen denies the remaining allegations contained in

paragraph 206 to the extent they characterize the purpose or legal significance of that communication.

207. Griffen denies the allegations contained in paragraph 207.

208. Griffen denies the allegations contained in paragraph 208.

209. Griffen admits that Item 26-I-56A was considered by the Quorum Court on August 25, 2026. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 209 and therefore denies them.

210. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning telephone calls among Quorum Court members. Griffen admits communicating with Justice Blackwood concerning proposed legislation but denies the remaining allegations contained in paragraph 210 to the extent they assert unlawful polling or deliberation.

211. Griffen admits that the Quorum Court considered proposed data center legislation on August 25, 2026. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications between Blagg and Blackwood. Griffen denies the remaining allegations contained in paragraph 211 to the extent they assert unlawful conduct by him.

212. Griffen admits sharing information concerning AVAIO's proposed development and expressing support for the Ordinance and its emergency clause. Griffen denies the remaining allegations contained in paragraph 212 to the extent they assert that the communication constituted an unlawful meeting or deliberation.

213. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213 and therefore denies them.

214. Griffen lacks knowledge or information sufficient to form a belief as to the accuracy and completeness of the quoted communication without reviewing the underlying record. Griffen denies the remaining allegations contained in paragraph 214 to the extent they assert that Justice Capps's stated concern establishes a violation of law.

215. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215 and therefore denies them.

216. Griffen denies the allegations contained in paragraph 216 to the extent they assert unlawful polling or deliberation. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning records allegedly withheld by County custodians and therefore denies those allegations.

217. Griffen admits that, on September 22, 2026, the Pulaski County Quorum Court passed Item 26-I-56A, which was subsequently designated Ordinance 26-OR-19. Griffen denies the remaining allegations of paragraph 217 to the extent inconsistent with that fact.

218. Griffen admits communicating his appreciation to supporters of the Ordinance following its passage on September 22, 2026. Griffen denies the remaining allegations contained in paragraph 218 to the extent they assert unlawful deliberation or polling.

219. Griffen admits that Item 26-I-56A was enacted as Ordinance 26-OR-19 and that Justices Blackwood, Capps, Davis, and Massey were identified as its sponsors. Griffen lacks knowledge or information sufficient to form a belief concerning the complete membership of the referenced text-message thread and therefore denies the remaining allegations of paragraph 219.

220. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 and therefore denies them.

221. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 and therefore denies them.

222. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 and therefore denies them.

223. Griffen denies the allegations contained in paragraph 223.

224. Griffen admits that the October 19, 2026 FOIA request attached as Exhibit 6 was addressed to County Judge Barry Hyde, through County Attorney Dominique Lane, and was not directed to Justice Blackwood. Griffen lacks knowledge or information sufficient to form a belief concerning whether the request was subsequently forwarded to Justice Blackwood or whether she failed to produce responsive public records, and therefore denies the remaining allegations of paragraph 224.

225. Griffen denies the allegations contained in paragraph 225.

226. Paragraph 226 states a legal conclusion concerning remedies available in a circuit court under Arkansas law. The statute speaks for itself.

227. Griffen admits that public accountability and open governmental proceedings are purposes of the Arkansas FOIA. Griffen denies the remaining allegations contained in paragraph 227 to the extent they assert unlawful conduct by him.

228. Griffen denies the allegations contained in paragraph 228.

229. Griffen denies the allegations contained in paragraph 229.

230. Griffen denies the allegations contained in paragraph 230.

**COUNT IX**
**APPEAL FROM DENIAL OF RIGHTS UNDER FOIA**

231. Griffen incorporates his responses to paragraphs 1 through 230.

232. Paragraph 232 states a legal conclusion concerning remedies under the Arkansas FOIA. The statute speaks for itself.

233. Griffen admits that the October 19, 2026 FOIA request attached as Exhibit 6 was addressed to Judge Hyde, through County Attorney Dominique Lane. Griffen denies that the request was directed to any other Defendant and lacks knowledge or information sufficient to form a belief concerning whether it was subsequently transmitted to other Defendants, and therefore denies the remaining allegations of paragraph 233.

234. Griffen admits that the October 19, 2026 FOIA request attached as Exhibit 6 was submitted by Alexander T. Jones, who identified himself as an Arkansas citizen. Griffen denies that ADP's status as an interested party, standing alone, establishes its entitlement to enforce the request under the Arkansas Freedom of Information Act and denies the remaining allegations of paragraph 234.

235. The October 19, 2026 FOIA request was addressed to Defendant Barry Hyde, through County Attorney Dominique Lane, and not to Justice Blackwood. Griffen lacks knowledge or information sufficient to form a belief concerning whether the request was subsequently transmitted to Justice Blackwood or other records custodians, or whether those persons failed to respond as required by law, and therefore denies the remaining allegations.

236. Griffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236 and therefore denies them.

237. Griffen denies the allegations contained in paragraph 237.

238. Griffen admits that the October 27, 2026 demand letter attached as Exhibit 7 was submitted by Alexander T. Jones of Kutak Rock LLP and was addressed to Defendant Barry Hyde, County Attorney Dominique Lane, and Justin Blagg. The letter does not identify ADP as

the party making the demand. Griffen lacks knowledge or information sufficient to form a belief concerning the recipients' responses or production of records and therefore denies the remaining allegations of paragraph 238.

239. Griffen denies the allegations contained in paragraph 239 to the extent they assert entitlement to relief against him or an order compelling production without establishing the applicable statutory requirements.

240. Paragraph 240 states a legal conclusion concerning procedures under Ark. Code Ann. § 25-19-107. The statute speaks for itself. Griffen denies the remaining allegations contained in paragraph 240.

241. Griffen denies the allegations contained in paragraph 241.

242. Paragraph 242 reserves Plaintiff's right to seek amendment under Rule 15 and requires no response.

243. Griffen respectfully demands a trial by jury of twelve (12) persons on all genuine issues of material fact.

244. Griffen denies the Plaintiff's entitlement to any relief and specifically and expressly denies the Plaintiff's entitlement to the allegations and relief requested in paragraphs A through H of the REQUESTS FOR RELIEF section of the Plaintiff's Complaint.

245. Griffen specifically and expressly denies each and every allegation of Plaintiff's Complaint not specifically and expressly admitted herein.

246. Griffen asserts and reserves the right to file an Amended Answer or other responsive pleading(s) and/or to assert additional affirmative and other defenses after he has had a chance to investigate the claims and allegations in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Intervenor Wendell Griffen asserts the following affirmative and other defenses to Plaintiff's Complaint, to the extent applicable:

A. Failure to State a Claim. Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief may be granted under federal or Arkansas law.

B. Standing. Plaintiff lacks standing to assert any claim for which it cannot establish a legally protected interest, an injury sufficient to confer standing, and the other requirements of applicable law, including its claims arising under the Arkansas Freedom of Information Act.

C. Subject Matter Jurisdiction. The Court lacks subject matter jurisdiction over any claim for which Plaintiff cannot establish an independent basis for federal jurisdiction or an applicable basis for supplemental jurisdiction.

D. Legislative Immunity. To the extent applicable, claims arising from legislative acts are barred by the doctrine of legislative immunity.

E. Governmental and Statutory Immunity. To the extent Plaintiff seeks monetary damages against Pulaski County or its officials, such claims are subject to applicable governmental and statutory immunities, including Ark. Code Ann. § 21-9-301.

F. Punitive Damages. Plaintiff is not entitled to recover punitive damages against Pulaski County or its officials acting in their official capacities. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

G. Lawful Exercise of Governmental Authority. Ordinance 26-OR-19 was enacted pursuant to the County's asserted statutory and constitutional authority to regulate land use and protect public health, safety, and welfare. Plaintiff has not established that the Ordinance exceeds that authority.

H. No Federal or State Preemption. Plaintiff's claims are barred to the extent they depend upon an erroneous interpretation of federal or state preemption principles. The Ordinance does not, by its terms, regulate utility rates, tariffs, or electric-service contracts, and Plaintiff has not established that the Ordinance is preempted in whole or in part.

I. No Unconstitutional Discrimination. Plaintiff has not established that the Ordinance discriminates unlawfully against interstate commerce or denies Plaintiff equal protection of the laws.

J. No Vested Right or Unconstitutional Taking. Plaintiff has not established a vested property right to develop or operate its proposed facility free from subsequently enacted land-use regulations, or that the Ordinance effects an unconstitutional taking of its property.

K. No Impairment of Contract. Plaintiff has not established that the Ordinance substantially impairs a contractual relationship in violation of the Contracts Clause or that any alleged impairment is constitutionally prohibited.

L. Failure to Establish Causation. Plaintiff has not established that any legally cognizable injury or damage was caused by an unlawful act or omission attributable to the enactment or enforcement of Ordinance 26-OR-19.

M. Failure to Establish Grounds for FOIA Invalidation. Plaintiff has not established that Ordinance 26-OR-19 was the direct or indirect result of prohibited communications or informal meetings within the meaning of Ark. Code Ann. § 25-19-106(i), or that invalidation is warranted under the circumstances.

N. Waiver, Estoppel, and Laches. Plaintiff's claims or requested relief are barred or limited by waiver, estoppel, or laches to the extent supported by the evidence and applicable law.

O. Mootness. Plaintiff's claims or requests for relief are barred to the extent they have become moot.

P. Failure to Establish Entitlement to Equitable Relief. Plaintiff has not established the requirements for preliminary or permanent injunctive relief, including irreparable harm, the inadequacy of available legal remedies, and the other applicable equitable considerations.

Q. Failure to Establish Damages. Plaintiff is not entitled to recover speculative, unproven, or otherwise legally unrecoverable damages. Any recovery must be limited to injuries and damages established by competent evidence and permitted by applicable law.

R. Reservation of Defenses. Griffen reserves the right to seek leave to amend this Answer to assert additional defenses supported by information obtained through discovery or further investigation, as permitted by the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE**, Intervenor Wendell Griffen respectfully requests that the Court dismiss Plaintiff's claims to the extent they are without legal or factual merit; deny Plaintiff's request to invalidate Ordinance 26-OR-19; deny Plaintiff's requests for preliminary and permanent injunctive relief; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Karla M. Burnett
Karla M. Burnett, Ark. Bar No. 94130

and

Danny R. Williams
Danny R. Williams, Ark. Bar No. 93148
323 Center Street, Suite 1205
Little Rock, AR 72201
Telephone: (501)580-5380
Telephone: (501)413-5714
karlamburnett@gmail.com

dwilliamslaw.pi@gmail.com
Attorneys for County Judge-elect Wendell Griffen

## CERTIFICATE OF SERVICE

I, Danny R. Williams, counsel for the Intervenor, hereby certify on this 16th day of November, 2026, that the foregoing pleading was electronically filed through the CM/ECF system pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and by email transmission to email addresses intended to give prompt notice to all Parties.

Danny R. Williams
Danny R. Williams