**United States District Court**
**Eastern District of Arkansas**
**Central Division**

| | |
|---|---|
| ADP Little Rock Data Hub, LLC,<br>*Plaintiff*,<br>v.<br>Pulaski County, Arkansas;<br>Barry Hyde, in his official capacity as Pulaski County Judge; and<br>Julie Blackwood, in her official capacity as Pulaski County Justice of the Peace,<br>*Defendants*. | No. 4:26-cv-1196-LPR |

## Pulaski County and Judge Hyde's Response in Opposition to Wendell Griffen's Motion to Intervene

County Judge-elect Wendell Griffen seeks to intervene merely because he is the candidate who won the last election. That's not how intervention works. Because Griffen does not establish the requirements of Federal Rule of Civil Procedure 24, his motion to intervene should be denied.

### Legal Standard

Rule 24 provides two routes for a party to intervene—intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24(a)–(b). Through either route, the motion's timeliness is the threshold questions. *Burnett v. Nat'l Ass'n of Realtors*, 187 F.4th 1051, 1076 (8th Cir. 2026).

To intervene of right, a proposed intervenor must show either (1) an unconditional, statutory right to intervene or (2) an "interest relating to the property or

transaction that is the subject of the action" that "existing parties [do not] adequately represent," and the proposed intervenor must also show his ability to protect his interest may be "impair[ed] or impede[d]" without his participation. Fed. R. Civ. P. 24(a).

For permissive intervention, a proposed intervenor "may" be allowed to intervene if he either (1) has a conditional, statutory right to intervene or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).[1]

## Argument

Griffen fails to show that he can intervene as of right or that he should be allowed to permissively intervene. His motion should be denied.

### I. Griffen's motion to intervene of right should be denied.

Griffen does not identify a federal statute that grants him an unconditional right to intervene, so he must show (1) he "has an interest in the subject matter of the litigation," (2) "disposition of the case may impair that interest," and (3) "existing parties do not adequately protect that interest." *Entergy Ark., LLC v. Thomas*, 76 F.4th 1069, 1071 (8th Cir. 2023). Griffen's asserted interest is "in the prospective administration of [the] Ordinance" and "in preserving the lawful authority of the office he will assume on January 1, 2027." Doc. 23, ¶ 8. Griffen fails at every step of the intervention-of-right analysis.

[1] There is another route to permissive intervention for "a Government Officer or Agency." Fed. R. Civ. P. 24(b)(2). Griffen will not be an official until January 2024. *See* Doc. 23, ¶ 1.

First, Griffen is not a government official, so he is seeking to intervene as private citizen. *See* Doc. 9, ¶ 1. As a private citizen, Griffen does not have an interest in administering the Ordinance or preserving the County Judge's authority. That's because a public official has "separate personae"—"their 'official capacity' and their 'individual capacity' or 'private capacity.'" *Wright v. DeArmond*, 977 F.2d 339, 346 (7th Cir. 1992). The individual-capacity Griffen does not and will not exercise the powers of a county judge. Instead, when Griffen assumes office in January, he will (as a matter of law) take on a new persona, the official-capacity Griffen. It is only the official-capacity Griffen—a persona that does not yet exist—who will have authority to wield the powers of a county judge.

Second, because the individual-capacity Griffen has no individual interest in this matter, the disposition cannot impair the interest.

Third, even if Griffen had an interest that could be impaired, Pulaski County and County Judge Hyde adequately represent the interest. Because Griffen's "asserted interest is one that a governmental entity who is a party to the case is charged with protecting"—*i.e.*, defending an enacted county ordinance and preserving county judges' power—courts "presume that the government's representation is adequate." *Entergy Ark.*, 76 F.4th at 1071 (citation omitted). To avoid the presumption, the proposed intervenor must show he has either a more particular interest than the public or a "narrower and more parochial" interest than the government defendant. *Id.* Griffen does not attempt to explain why the

presumption wouldn't apply here, but even if he tried, he would fail. As explained above, in his individual capacity, he is no different than any other private citizen. And to the extent he can claim an interest in protecting the authority of county judges, Judge Hyde has the exact same interest.

Because the presumption of adequate representation applies, Griffen must make "a 'strong showing' of inadequacy, such as by demonstrating that the government entity 'has committed misfeasance or nonfeasance in protecting the public.'" *Id.* at 1072 (quoting *N.D. ex rel. Stenehjem v. United States*, 787 F.3d 918, 922 (8th Cir. 2015)). Here, Pulaski County and Judge Hyde have provided a fulsome defense of the Ordinance against Avaio's claims, moving to dismiss and opposing the preliminary-injunction motion. *See* Docs. 20, 21. Griffen does not claim (nor could he claim) that Pulaski County and Judge Hyde's defense of the Ordinance even approaches misfeasance or nonfeasance. Instead of making a strong showing of inadequacy, Griffen merely asserts that Pulaski County and Judge Hyde "*may* not adequately represent [his] interests." Doc. 23, ¶ 10 (emphasis added). Such a qualified statement does not overcome the presumption of adequate representation.

**II. Griffen's motion to permissively intervene should be denied.**

A timely motion to permissively intervene under "Rule 24(b) must show: (1) an independent ground for jurisdiction" and (2) "that the applicant's claim or defense and the main action have a question of law or fact in common." *Flynt v.*

*Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015) (citation omitted). A party who seeks to intervene can only intervene if the courts would have Article III jurisdiction over the claim the proposed intervenor seeks to defend against. *See Stenehjem*, 787 F.3d at 920 (explaining that "an Article III case or controversy joined by an intervenor who lacks standing ceases to be an Article III case or controversy"). Further, it is appropriate to deny a motion to permissively intervene if the proposed intervenor "lack[s] … a legally-protected interest in the litigation," *id.* at 923, and the proposed intervenor's asserted interest is "already adequately represented," *Chase v. Andeavor Logistics, L.P.*, 165 F.4th 1102, 1124 (8th Cir. 2026).

As explained above, Griffen holds no office, so he is seeking to intervene as a defendant as a private citizen. But private citizens do not enforce the Ordinance, so any alleged injury Avaio sustains from having to comply with the Ordinance is not traceable to Griffen and would not be redressed by an injunction against him as a private citizen. Additionally, as explained in Pulaski County and Judge Hyde's response in opposition to Avaio's preliminary-injunction motion, the Court lacks subject-matter jurisdiction over the entire case because the Ordinance does not apply to Avaio. *See* Doc. 21, at 6. Further, as explained above, Griffen, a private citizen, has no protected interest in this litigation and whatever interest he does have is adequately represented. *See Chase*, 165 F.4th at 1124.

The Court should thus deny Griffen's motion to permissively intervene.

**III. The fact Griffen will assume office in January complicates, not simplifies, his request.**

In an attempt to wave away the legal issues with his argument, Griffen asserts that intervention should be allowed because it will only be for a "[l]imited [d]uration." Doc. 23, at 4 (bold omitted). Initially, whether or not intervention is limited is irrelevant to whether Griffen has established what is necessary under Rule 24. As explained, Griffen cannot be Rule 24's requirements. In any event, the fact Griffen will be taking office in January 2027 raises more questions than it answers.

First, Griffen asserts he seeks to intervene "solely in his capacity as County Judge-elect." Doc. 23, ¶ 21. But "County Judge-elect" is not a legal person. A party can be in litigation either in their official capacity or individual capacity. *See Wright*, 977 F.2d at 346. Because County Judge-elect is not an official-capacity position, Griffen will be intervening in his individual capacity. Thus, when he assumes office in January and is automatically substituted under Federal Rule of Civil Procedure 25(d), he will be a Defendant twice over—once as his individual capacity and once as his official capacity.

Second, Griffen assumes that intervention can be for a limited duration, but he provides no authority for that proposition. *See* Doc. 23, ¶ 23. Instead, when a party intervenes, it is in it for the long haul, subject to "the same rights and obligations that any other party would obtain." *Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025); *id.* at 937 (collecting cases). Although a court can "impose[]

specific limitations or conditions upon an intervening party," *id.*, counsel has not found a case in which the court set a mid-litigation expiration date on an intervenor's party status.

## Conclusion

For these reasons, the Court should deny Wendell Griffen's motion to intervene.

Respectfully submitted,

Noah P. Watson
Ark. Bar No. 2020251

Watson & Watson LLP
P.O. Box 707
Searcy, Arkansas 72145
(501) 388-4514
noah@watsonlawllp.com

*Counsel for Pulaski County and County Judge Barry Hyde*