FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 19 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ADP LITTLE ROCK DATA HUB, LLC PLAINTIFF

v. CASE NO. 4:26-CV-1196-LPR

PULASKI COUNTY, ARKANSAS, et al. DEFENDANTS

**EMERGENCY MOTION TO QUASH SUBPOENAS**

Non-parties Laura Landreaux and Bentley Story move under Fed. R. Civ. P. 45(d)(3)(A)(i) to quash subpoenas for a hearing in this Court served on them less than 24 hours before the hearing:

1. Applying Rule 45(d)(3)(A)(i)'s command that Courts must quash subpoenas that "fail[] to allow a reasonable time to comply," this Court has concluded that subpoenas commanding attendance at a preliminary injunction hearing "somewhere around 48-72 hours after they were issued" did not provide a reasonable timeframe for compliance. *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, 586 F. Supp. 3d 893, 898 n.23 (E.D. Ark. 2022), *aff'd*, 86 F.4th 1204 (8th Cir. 2023). That timeframe was unreasonable "especially since Plaintiffs had known for weeks that a hearing was going to take place." *Id.*

2. Here, plaintiff ADP Little Rock Data Hub, LLC ("ADP") has known since November 4, 2026, that the Court would hold a hearing on ADP's motion for preliminary injunction at 11:00 a.m. on November 20. *See* Doc. 10 (order setting hearing). Despite knowing for weeks that a hearing was going to take place, ADP waited until after 3 p.m. on November 19 to serve a subpoena on Story commanding

that he attend a hearing the very next day.[1] Ex. 1, Story Subpoena. ADP thus provided Story and Landreaux less than 24 hours to comply with their respective subpoenas.

3. Landreaux and Story are employees of Entergy Arkansas, LLC ("EAL") and acknowledge that ADP made informal requests for EAL to provide a witness at the November 20 hearing. EAL never agreed to do so, and did not name Landreaux or Story even as potential witnesses. Nor did Landreaux or Story agree to appear, either. Whatever ADP informally requested, informal attempts to procure attendance cannot stand in the place of the "reasonable time to comply" mandated by Rule 45(d)(3)(A)(i). *See In re Malyugin*, 310 F. Supp. 3d 3, 5 (D.D.C. 2018) ("good faith efforts" discussing compliance over a 24-day period preceding service did not make service two days before the date of compliance stated in the subpoena reasonable).

4. Nor did ADP just discover the identities of these would-be witnesses. ADP has indicated that it wants Landreaux and Story to testify because they signed ADP and EAL's Agreement for Electric Service on behalf of EAL. The signatories to ADP's own contract were known to ADP before it filed this action—indeed, the contract is mentioned in the complaint. See Doc. 1 at 5, ¶ 27. And those signatories

---

[1] Landreaux has not yet been served with the subpoena but has been informed that ADP's efforts to serve her remain in process as of the filing of this motion. Given the short time to seek relief from the Court before the hearing set to begin in less than 20 hours, Landreaux moves to quash in anticipation of service. If service is completed, Landreaux will file a copy of the subpoena as a supplement to this motion.

were thus known to ADP when the Court's November 4 order set the November 20 hearing. Nothing stopped ADP from serving its subpoenas on Landreaux and Story long before the eve of the hearing.

5. The Court concluded in *Arkansas NAACP* that compliance time of 48–72 hours—two or three times the notice that Landreaux and Story got—to attend a hearing set weeks earlier was unreasonable under Rule 45(d)(3)(A)(i). That conclusion aligns with the rulings of most courts faced with 11th-hour subpoenas like ADP's. *See, e.g.*, *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 F. App'x 622, 628 (11th Cir. 2019) (affirming order quashing subpoena that "demanded compliance in less than one business day" because it "failed to allow a reasonable time to respond"); *In re Malyugin*, 310 F. Supp. at 5 (deposition subpoena served two days before compliance was "plainly unreasonable"); *Odongo v. City of Indianapolis*, 2015 WL 1097400, at *2 (S.D. Ind. Mar. 10, 2015) (quashing subpoena served one day before a hearing for not permitting a reasonable time to comply).

6. Of course, ADP's subpoena is worse than the quashed subpoenas in those cases because ADP served its subpoenas less than 24 hours before a hearing that the Court set more than two weeks ago. Because the time to comply is patently unreasonable, Rule 45(d)(3)(A)(i) requires the court to quash the subpoena.

7. Given the exigent circumstances forcing Landreaux and Story to seek relief immediately, they have included the authority for the relief they request in this motion rather than filing a separate brief as is the usual practice under the

Court's rules. They respectfully assert that this constitutes good cause for a combined motion and brief.

8. Finally, given the short time permitted by ADP's late service of these subpoenas, Landreaux and Story respectfully request that the Court take up the motion as soon as possible to free them from the obligation to appear at a hearing on less than 24 hours' notice.

WHEREFORE, non-parties Laura Landreaux and Bentley Story request that the Court quash ADP's subpoenas and grant all other proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
gmarts@wlj.com

By ______________________
Gary D. Marts, Jr. (2004116)

*Attorneys for Laura Landreaux and Bentley Story*

## CERTIFICATE OF SERVICE

I certify that on November 19, 2026, I served a copy of this motion on all counsel of record by CM/ECF and by email:

Adam Phillip Hagler
adam.hagler@kutakrock.com

Alexander Taylor Jones
alex.jones@kutakrock.com

Jess L. Askew, III
jess.askew@kutakrock.com

Shayla I. Dawson
shayla.dawson@kutakrock.com

Frederick Hart Davis
frederick.davis@kutakrock.com

Dominique Danielle Lane
ddlane1413@gmail.com

Noah P. Watson
noah@watsonlawllp.com

John T. Adams
jadams@jamescarterlaw.com

Gary D. Marts, Jr.



3780999-v1