**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADP LITTLE ROCK DATA HUB, LLC** **PLAINTIFF**

**vs.** **Case No. 4:26-cv-01196-LPR**

**PULASKI COUNTY, ARKANSAS;**
**BARRY HYDE, in his official capacity**
**as Pulaski County Judge;**
**JULIE BLACKWOOD, in her official capacity**
**as Pulaski County Justice of the Peace** **DEFENDANTS**

**RESPONSE TO EMERGENCY MOTION TO QUASH SUBPOENAS**

Plaintiff ADP Little Rock Data Hub, LLC ("ADP"), for its response to the Emergency Motion to Quash Subpoenas, states:

1. ADP agrees that it has not served Mrs. Landreaux and has informed her counsel that ADP withdraws that subpoena.

2. ADP began requesting that Entergy supply a witness to appear at the preliminary injunction hearing as soon as the hearing was set, and had informed Entergy after suit was filed that it would want a witness at a potential preliminary hearing.

3. The testimony of Mr. Story pertains simply to the binding, multi-year Agreement for Electric Service ("AES") between ADP and Entergy Arkansas, LLC, which Mr. Story signed on behalf of Entergy, and which will cost ADP hundreds of millions of dollars over its term. ADP cannot cancel the AES.

4. This is a key element of ADP's irreparable harm supporting the issuance of preliminary injunctive relief.

5. For fifteen days since the hearing was scheduled, ADP requested through business and legal contacts that Entergy supply a witness to discuss the execution and effect of the AES.

Entergy discussed this with ADP's counsel through earlier today. ADP offered this week to accept a short declaration from Entergy in lieu of a live witness. ADP and Entergy negotiated the terms of the declaration through 4:00 p.m. this afternoon.

6. ADP explained to Entergy yesterday that ADP would need to subpoena a witness to testify if the parties could not agree to a declaration.

7. ADP sent Entergy its subpoenas to the Entergy employees who signed the AES this morning and served Mr. Story at 3:03 p.m. today, November 19, 2026.

8. ADP and Entergy continued to discuss a possible declaration after Mr. Story was served.

9. ADP has done everything reasonably possible to obtain testimony from Entergy, its contract counterparty, without the need to compel the appearance by subpoena.

10. Despite ADP's good faith with its counterparty, Entergy appears to have dragged out the discussion of its witness until today to set up a motion to quash.

11. The subpoena would require Mr. Story to walk across Broadway and Capitol Avenues to appear for a brief time to testify about a contract that he signed. There is virtually no burden associated with his appearance.

12. ADP understands that Fed. R. Civ. P. 45(d)(1) requires it to take reasonable steps to avoid undue burden or expense on a person subject to the subpoena. ADP has done so here.

13. ADP understands that Fed. R. Civ. P. 45(d)(3)(A)(i) requires quashing a subpoena that fails to allow a reasonable time to comply. Reasonableness is always a matter of context. The cases that Mrs. Landreaux and Mr. Story cite demonstrate this. "Although there are certain circumstances that might necessitate a 'forthwith' subpoena, the Court finds that, in this context, one day's notice was an unreasonable amount of time to demand that" a deputy police chief appear

at a spoliation hearing set three weeks earlier. *Odongo v. City of Indianapolis*, 2015 WL 1097400, at *2 (S.D. Ind. Mar. 10, 2015). In the same case, the court determined that one day was not a reasonable time to compel the appearance of a retired police captain and to bring materials in the possession of the City she had served. *Id.*

14. In *In re Malyugin*, 310 F. Supp. 3d 3 (D. D.C. 2018), the subpoena was issued to a Russian national doctor who happened to be in the District of Columbia for four days for a conference. The subpoena required attendance at a deposition and production of documents in a case pending in California two days after service. A local rule in the District Court of the District of Columbia stated that seven days' notice of a deposition subpoena would be reasonable under Fed. R. Civ. P. 30(b). The context of that case is a far cry from asking a person to walk across the street for a few minutes' testimony in a case in which he signed a contract with a party worth hundreds of millions of dollars to his employer.

15. *Progressive Emu, Inc. v. Nutrition & Fitness Inc.*, No. 18-10671 (11th Cir. August 13, 2019), an unpublished opinion, is an even more egregious and unreasonable example. The plaintiff wanted discovery of royalty information and said so at a pretrial conference two months before trial. The plaintiff "was expected to file a formal motion addressing its concerns" but failed to do so. Slip Op. at 5. Instead, the plaintiff waited until the Friday before trial started the following Monday to issue a trial subpoena to the defendant's parent company commanding it to appear at the beginning of trial "and to bring a long list of documents, identified in ten categories and eleven subcategories, that spanned a decade beginning in January 1, 2006." *Id.* The subpoena was quashed because it did not allow a reasonable time for response, required appearance more than 100 miles from its location, sought privileged material, and subjected the witness to an undue burden simply

based on the number of documents demanded. Slip op, pp. 5-6. The trial court quashed the subpoena and imposed sanctions, and the Eleventh Circuit affirmed.

16. ADP sought to have a witness from its counterparty appear voluntarily for the hearing to offer evidence establishing ADP's irreparable harm from Ordinance No. 26-OR-19. ADP sought to avoid stressing this essential business relationship by issuing a subpoena without first exhausting every avenue to obtain a voluntary appearance.

17. The burden here on Mr. Story is non-existent.

18. This Court noted that subpoenas to senior officials of the offices of the Secretary State and Governor issued the day before a preliminary injunction hearing were unreasonable in *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, 586 F.Supp.3d 893 (E.D. Ark. 2022). "The subpoenas commanded that testimony be given somewhere around 48-72 hours after they were issued. That is not a reasonable timeframe, especially since Plaintiffs had known for weeks that a hearing was going to take place." *Id.* at 898, n.23.

19. The instant context is entirely different. ADP counsel contacted Entergy's counsel to let Entergy know it would want a witness for a possible hearing on October 31, 2026. Once the hearing was set on November 4, counsel continued to request a witness to testify. ADP worked in good faith with its business partner until Entergy refused to sign a declaration earlier today. Given the stakes for ADP in this case, the subpoena to Mr. Story was issued and served.

20. Entergy seeks to take advantage of ADP's good faith, reasonable efforts to accommodate Entergy with respect to the testimony for the hearing.

21. ADP does not request documents from Entergy.

22. ADP is not adverse to Entergy.

23. In this context, given the relationship between ADP and Entergy, the enormous liability ADP has under the AES, Entergy's role and agreement in the AES, and the apparent effort by Entergy to delay and set up its motion to quash, ADP submits that having Mr. Story appear tomorrow afternoon is a reasonable time to comply in the circumstances.

24. Today at 2:25 p.m., the Arkansas Public Service Commission issued Order No. 8 in *In the Matter of the Application of Entergy Arkansas, LLC for a Public Interest Finding Regarding Additional Customer Protection Terms in the Agreement for Electric Service with AVAIO Digital Partners,* Public Service Commission Docket No. 26-011-P. That order is attached at Exhibit 1.

25. The Order asks Entergy to answer two questions squarely relevant to the issues before this Court:

> (1) Does Ordinance 26-OR-19 affect the load which is the subject of this proceeding?
>
> (2) If so, explain what protections are in place for EAL's other customers if the load that is the subject of this proceeding does not materialize as a result of Ordinance 26-OR-19?

Ex. 1 at 1.

26. Today at 2:21 p.m., the Arkansas Public Service Commission issued Order No. 7 in *In the Matter of the Application fo Entergy Arkansas, LLC for a Certificate of Public Convenience and Necessity to Construct and Operate Two 115kV Transmission Lines and Associated Facilities in Pulaski County, Arkansas, and for Related Approvals*, Public Service Commission Docket No. 26-002-U. That order is attached as Exhibit 2.

27. That Order asks Entergy to answer three questions squarely relevant to the issues before this Court:

(1) Does 26-OR-19 affect the load that is the subject of this proceeding?

(2) In the event Avaio cannot take service from EAL because of 26-OR-19, are ratepayers completely insulated from costs associated with the Transmission Facilities?

(3) When is Avaio expected to file its application with Pulaski County pursuant to Article 6 of 26-OR-19?

Ex. 2 at 4.

28. Tonight at 7:18 p.m. CST, after Entergy had moved to quash this subpoena to its contract signatory alleging undue burden, Entergy's Senior Regulatory Counsel sent an email to ADP that asks in bold text: **"When is Avaio expected to file its application with Pulaski County pursuant to Article 6 of 26-OR-19?"** (emphasis in original).

29. Entergy attached a copy of Exhibit 2 to that email to AVAIO.

30. Entergy said, "In order to prepare testimony for a Monday morning filing, we're asking please for Avaio to advise when it expects to file its application as set forth in the question. We appreciate the quick turnaround, so if we can get the information by late tomorrow afternoon, we will make that work for Monday's deadline."

31. ADP has worked tirelessly to help accommodate Entergy when called upon.

32. Even now, ADP will work to accommodate this request for next-day assistance. So should Entergy.

33. The motion to quash should be denied.

WHEREFORE, ADP respectfully requests that the Court deny Mr. Story's motion to quash.

Dated: November 19, 2026.

**KUTAK ROCK LLP**

Jess Askew III, Ark. Bar No. 86005
Alexander T. Jones, Ark. Bar No. 2015246
Frederick H. Davis, Ark. Bar No. 2012271
Shayla I. Dawson, Ark. Bar No. 2023283
Adam P. Hagler, Ark. Bar No. 2026161
124 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3740
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
jess.askew@kutakrock.com
alex.jones@kutakrock.com
frederick.davis@kutakrock.com
shayla.dawson@kutakrock.com
adam.hagler@kutakrock.com

*Attorneys for ADP Little Rock Data Hub, LLC*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(d)(1)(B), I hereby certify that on November 19, 2026, I served the foregoing on all Defendants by filing with the Court's electronic-filing system. I have also emailed a copy of this filing to Gary Marts, counsel for the movants, at gmarts@wlj.com.



Alexander T. Jones