**ARKANSAS PUBLIC SERVICE COMMISSION**

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF ENTERGY ARKANSAS, LLC FOR A CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY TO CONSTRUCT AND OPERATE TWO 115KV TRANSMISSION LINES AND ASSOCIATED FACILITIES IN PULASKI COUNTY, ARKANSAS, AND FOR RELATED APPROVALS | ) | DOCKET NO. 26-002-U<br>ORDER NO. 7 |

**ORDER**

On November 6, 2026, Entergy Arkansas, LLC (EAL or the Company) filed its *Petition for Rehearing of Order No. 6* (Petition) with the Arkansas Public Service Commission (Commission). In its Petition, EAL seeks rehearing of Commission Order No. 6, which held in abeyance EAL's Application seeking a Certificate of Public Convenience and Necessity (CCN) to construct, operate, and maintain two new 115 kV transmission lines and associated facilities (Transmission Facilities) in Pulaski County, Arkansas needed to supply power to a new customer facility near Wrightsville, Arkansas (the Project) pending a final decision in Docket No. 26-011-P. Petition at 1 (Doc. #29).

In its Petition, EAL argues that the need for the Transmission Facilities is not contingent upon the pending approval of the Avaio Digital Partners, LLC (Avaio) Agreement for Electric Service (AES) in Docket No. 26-011-P. EAL states that the Transmission Facilities are needed to deliver service to Avaio pursuant to Commission-approved rate schedules. Pointing to the Supplemental Direct Testimony of EAL witness Daniel Games filed in Docket No. 26-011-P, EAL asserts that Avaio is taking service under the Commission-approved Rate Schedule No. 8, Large Power Service (LPS). EAL states that the Parties negotiated additional customer protection provisions to the standard AES

Exhibit 2

APSC FILED Time: 11/19/2026 2:21:23 PM: Recvd 11/19/2026 2:18:42 PM: Docket 26-002-U-Doc. 31



and, out of an abundance of caution, EAL requested Commission approval of the additional terms in Docket No. 26-011-P. Petition at 1-3 (Doc. #29).

EAL states that consistent with the terms of the LPS rate schedule, customers subscribing to LPS must execute an AES for a term not less than five years. The Company asserts that in the event the Commission does not approve the AES filed in Docket No. 26-011-P, Avaio may take service pursuant to the standard AES, although it would not include the customer protection provisions negotiated by EAL. *Id.* at 3.

EAL asserts that because Avaio will take service pursuant to an AES, the Commission in this Docket has certainty that EAL's need for the Transmission Facilities to serve Avaio is real without regard to the ultimate outcome in Docket No. 26-011-P. EAL argues that Order No. 6 improperly relies only on one statement in EAL's Application that the Transmission Facilities "are necessary to serve additional load being brought online by the recently executed [AES] with ADP" to conclude that a final decision in Docket No. 26-011-P is needed to determine the need for the Transmission Facilities. EAL argues that this statement must be read in the overall context that the need for the Transmission Facilities is the additional load of the Project, which can be served pursuant to the terms of the Avaio AES if approved by the Commission or otherwise pursuant to terms of a standard AES for a customer taking service under tariffed rates, which renders approval of the Avaio AES unnecessary for purpose of approving the CCN requested in this Docket. *Id.* at 4.

In support of its Petition, EAL attaches as an exhibit a letter from Kevin Murphy, Vice-President of Avaio, in which he states that Avaio entered into a standard AES with EAL in December 2025 and that it will take service under the LPS tariff. Mr. Murphy

APSC FILED Time: 11/19/2026 2:21:23 PM: Recvd 11/19/2026 2:18:42 PM: Docket 26-002-U-Doc. 31



states that Avaio agreed to supplement the standard AES with several additional commitments to benefit EAL's other customers. *Id.* at 6; Exhibit A.

EAL concludes that the Transmission Facilities are needed to serve the additional load of the Project, and the Company asks that the Commission not further delay this proceeding and issue the requested CCN needed to serve the customer. *Id.* at 6.

On November 16, 2026, the General Staff (Staff) of the Commission filed its Response to the Petition. In its Response, Staff states that it does not take a position on whether issues remain unresolved for the purposes of Docket No. 26-011-P approval or whether such approval should still be filed in this Docket. Staff recommends proceeding in this Docket if the Commission finds that EAL has satisfied the concerns sufficient to make its determination. Response at 1-3 (Doc. #30).

The Office of the Arkansas Attorney General did not file a Response to the Petition.

Findings and Rulings of the Commission

Having reviewed EAL's Petition and the Response filed by Staff, the Commission finds that EAL's demonstration of necessity in this Docket may be sufficient to meet Ark. Code Ann. § 23-3-201(a). While EAL's Application and the Direct Testimony of EAL witness Brad Cullipher explicitly linked the Transmission Facilities' necessity to the unapproved AES filed in Docket No. 26-011-P, the Petition clarifies that the Transmission Facilities are needed because Avaio is taking service under the LPS tariff, which requires customers to execute an AES for a term not less than five years.[1] This information indicates that a final decision on the pending AES in Docket No. 26-011-P is immaterial for determining the necessity of the Transmission Facilities.

[1] Petition at 3-4; Exhibit A.

APSC FILED Time: 11/19/2026 2:21:23 PM: Recvd 11/19/2026 2:18:42 PM: Docket 26-002-U-Doc. 31



However, a significant development potentially affecting this proceeding has occurred in the interim between the Commission's issuance of Order No. 6 and EAL's filing of its Petition: the Pulaski County Quorum Court passed Pulaski County Ordinance 26-OR-19 (26-OR-19). The Commission is concerned that 26-OR-19 may impact Avaio's ability to construct its customer facility, thereby abrogating the need for EAL's Transmission Facilities. Therefore, the Commission lifts the abeyance set by Order No. 6 and propounds the following questions to EAL:

1. Does 26-OR-19 affect the load that is the subject of this proceeding?
2. In the event Avaio cannot take service from EAL because of 26-OR-19, are ratepayers completely insulated from costs associated with the Transmission Facilities?
3. When is Avaio expected to file its application with Pulaski County pursuant to Article 6 of 26-OR-19?

The Commission directs EAL to provide written responses to these questions in the form of witness Supplemental Testimony. Each response shall be double spaced and in 12-point type. Each question must be fully answered. The Supplemental Testimony must be filed on or before noon on November 23, 2026.

APSC FILED Time: 11/19/2026 2:21:23 PM: Recvd 11/19/2026 2:18:42 PM: Docket 26-002-U-Doc. 31



BY ORDER OF THE COMMISSION.

This 19th day of November 2026.

Doyle Webb, Chairman

Justin Tate, Commissioner

Katie Anderson, Commissioner

Karen Shook, Secretary of the Commission

I hereby certify that this order, issued by the Arkansas Public Service Commission, has been served on all parties of record on this date by the following method:

__ U.S. mail with postage prepaid using the mailing addresss of each party as indicated in the official docket file, or

X Electronic mail using the email address of each party as indicated in the official docket file