IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ADP LITTLE ROCK DATA HUB LLC PLAINTIFF

V. CASE NO. 4:26-cv-1196-LPR

PULASKI COUNTY, ARKANSAS;
BARRY HYDE, in his official capacity
as Pulaski County Judge;
JULIE BLACKWOOD, in her official capacity
as Pulaski County Justice of the Peace, DEFENDANTS

**SEPARATE DEFENDANT JULIE BLACKWOOD'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS**

Come now, Defendant, Julie Blackwood ("Blackwood"), in her official capacity as Pulaski County Justice of the Peace, by and through her undersigned counsel, James & Carter, PLC, and for her Motion to Dismiss the Complaint (Doc. 1) filed by Plaintiff ADP Little Rock Data Hub LLC ("ADP"), states as follows:

In Count IX of the Complaint, as well as additional arguments made in its Brief in Support of its Motion for Preliminary Injunction ("Brief")(Doc. 9) and Reply in support of that Motion ("Reply")(Doc. 28), ADP has argued that it is entitled to an Order of this Court compelling Blackwood to produce records pursuant to the Arkansas Freedom of Information Act ("FOIA").[1] The Complaint and its exhibits do not state a claim upon which relief can be granted, so this Court should dismiss the Count against Blackwood.

[1] Counts I-VIII seek to enjoin the enforcement of Ordinance, for which Blackwood is not responsible.

## BACKGROUND FACTS

On October 19, 2026, an FOIA Request was sent by Alexander T. Jones of the Kutak Rock law firm, without identifying a client on behalf of whom it was sent, and stating that Jones is a citizen of Arkansas. It was directed only to Pulaski County Judge Barry Hyde, via the County Attorney, although it requested records "maintained by Pulaski County, Arkansas, to include you, your office, and staff, *as well as all members of the Pulaski County Quorum Court*." (emphasis added) It requested eighteen categories of records related to (i) AVAIO (an affiliate of Plaintiff), (ii) Ordinance 26-I-56B, and (iii) the regulation of "high-intensity digital infrastructure uses in the unincorporated areas of Pulaski County."

ADP asks this Court to "order [Defendant Pulaski County Justice of the Peace Julie Blackwood] to achieve immediate and complete compliance with [ADP's] request under Arkansas Freedom of Information Act Defendants received October 19, 2026." Complaint at 37.

## APPLICABLE LAW

Under the FOIA, an Arkansas "citizen may make a request to the custodian to . . .receive copies of public records," Ark. Code Ann. § 25-19-105(2)(A), and the custodian (i.e. Arkansas public official responsible for keeping the record) must send a copy to the requesting citizen. The FOIA provides a method of enforcement in the form of an "appeal" to the state circuit court to enforce that mandate. Ark. Code Ann. § 25-19-107.

## ARGUMENT

ADP cannot succeed on the merits of this claim because (1) the October 19 FOIA Request was not directed to her as the custodian of her own records as required by the FOIA, and (2) the Complaint does not specifically identify any documents in Blackwood's custody to which it is entitled but it has not received. The October 19 FOIA Request must have been directed to Blackwood directly in order to serve as the basis for this lawsuit.

1. The October 19 FOIA request was not properly directed to justices of the peace as custodians of their own records.

Although the October 19 FOIA Request was directed only to Pulaski County Judge Barry Hyde, it requested records "maintained by Pulaski County, Arkansas, to include you, your office, and staff, *as well as all members of the Pulaski County Quorum Court*." (emphasis added) Pulaski County Quorum Court Parliamentarian Justin Blagg ("Blagg") forwarded the 10/19/26 FOIA Request to Blackwood on October 20, 2026. Ex. 1 at ¶ 1. Blackwood provided the responsive records she initially located to Blagg on October 26, 2026 pursuant to Blagg's request to forward records by that date. Ex. 1 at ¶ 3.

However, the October 19 FOIA Request took an impermissible shortcut by addressing itself only to the County Judge via the County Attorney. With "respect to any public record, ["custodian"] means the person having administrative control of that record." Ark. Code Ann. § 25-19-103(2)(a). Neither the County Judge, nor the County Attorney, nor the Parliamentarian who passed the request along to Blackwood, are the custodians of the individual cell phone records and

nongovernmental email accounts of the Pulaski County Justices of the Peace. Each justice the custodian of his or her own text messages and emails. In this case, Blackwood is the only government official with access to her emails and text message. Ex. 1 at ¶ 5. The October 19 FOIA Request therefore was not addressed to the proper party and ADP or its representative must send the request to Blackwood directly to become the subject of an appeal under Ark. Code Ann. § 25-19-107.[2]

The Arkansas Supreme Court has made it clear that a FOIA <u>must</u> be directed to the custodian of the records being sought. *See, e.g. Fox v. Perroni,* 358 Ark. 251, 253, 188 S.W.3d 881, 882 (2004)(affirming a trial court finding that a check was a "public record" as defined by the FOIA, and that a judge was in "administrative control" of the check and, therefore, "was *the* correct person" to whom an FOIA request for the check should be directed)(emphasis added). A 2023 amendment to the FOIA further clarified that "if the custodian lacks administrative control over any responsive records that may exist, the custodian *shall* respond and identify the appropriate custodian to direct the request to, if known or readily ascertainable." Arkansas Code § 25-19-105(a)(3)(C)(emphasis added). This statutory procedure is required, and for good reason.

Blackwood's October 26, 2026 production included five months of phone logs but omitted one month of logs in error. Complaint at Exhibit 7 (Doc. 1 at 202); Brief

---

[2] "Although county judges have general 'custody' over all county property, that concept is distinct from the FOIA's use of 'custodian,' which is a term of art identifying the person with administrative control over particular public records and the corresponding duty to respond to FOIA requests. Accordingly, for emails of elected officials, the FOIA custodian is the individual with administrative control of those particular records, which, depending on the circumstances, may or may not be the county judge." Ark. Op. Att'y Gen. No. 2025-129 (Feb. 23, 2026).

at 26. Rather than reach out to Blackwood directly, as the FOIA requires and Arkansas Code § 25-19-105(a)(3)(C) is meant to facilitate, the requestor sent a letter to three County officials – none of whom are the custodians of Blackwood's phone logs, text messages, and emails – the next day alleging that "Justice Blackwood is violating FOIA by concealing her September call logs." Complaint at Exhibit 7 (Doc. 1 at 202). ADP now follows up this demand letter from its counsel with a request to "order Defendants and all persons in active concert with them to produce all public records wrongfully withheld." Complaint, at 37. But the FOIA does not contemplate this kind of scattershot demand; it requires a requestor to locate and interact with the correct custodian before commencing enforcement litigation.

Plaintiff argues that Blackwood "had actual knowledge of and participated in the County's compliance with the FOIA Request." Doc. 28 at 25. This attempts to hold Blackwood's efforts to comply with the request before advice from separate counsel somehow negate a failure of the FOIA Request and appeal procedure. The effort of a public official to deliver public records should not be used against her to excuse a failure on the part of the requestor to follow the procedures required by the plain meaning of the statute and Supreme Court decisions enforcing it.

2. The Complaint does not specifically identify any documents in Blackwood's custody to which it is entitled but it has not received

Central to ADP's allegation that there are documents outstanding is that evidence of deleted text messages demonstrates "concealment of other responsive communications." Brief at 22; Complaint at Exhibit 7 (Doc. 1 at 203). In response to the October 19 FOIA Request, Blackwood did produce text messages showing

messages "liked" which do not themselves appear in the production, although the content of the message is preserved by the existence of the "like."

Blackwood stated that she deletes text messages daily as business practice. Ex. 1 at ¶ 9. To the extent Blackwood, prior to October 19, did not retain text messages that ADP sought in the October 19 FOIA Request, she was unable to produce those records. This is not a FOIA violation.[3] "The FOIA does not require that the document be retained because the FOIA is not a records-retention statute." *Daugherty v. Jacksonville Police Dep't,* 2012 Ark. 264, 15, 411 S.W.3d 196, 204 (2012)(citing Ark. Att'y Gen. 2000–220 (2000).

It is in this context ADP complains that "Blackwood . . . failed to preserve public records required to be retained under Ark. Code Ann. § 13-4-302(3)(A)." Brief, at 20; *see also* Complaint at ¶ 109. ADP cites that subsection but does not spell it out, and does not explain how it could apply to the facts of this case or create a remedy in the FOIA.

In fact, Section 13-4-302(3)(A) simply does not apply to Blackwood or the text messages at all. It provides the following record-keeping requirement:

(3) For quorum court records:

(A) The county shall permanently maintain:

(i) Ordinance, appropriation ordinance, and resolution registers;

(ii) Records of proceedings;

---

[3] ADP does not articulate an accusation that Blackwood deleted responsive text messages after receiving the October 19 FOIA, and it would be strange to posit that she produced text messages in the form "P liked [message x]" but also deleted the underlying "[message x]" itself in an attempt to suppress the same information in the latter text Blackwood included in her production of the former.

(iii) Codification of ordinances;

(iv) Registers of county advisory and administrative boards;

(v) Appointments to subordinate service districts; and

(vi) Quorum court minutes.

Ark. Code Ann. § 13-4-302. First, Blackwood's text messages clearly do not fall into any of these categories. Second, the requirement to maintain the listed documents is placed on a county itself, not the individual justices of the peace. Finally, the allegation is irrelevant as a matter of law with respect to ADP's FOIA claim. There is no remedy in the FOIA for a violation of this record-retention statute, and the record-retention statute does not refer to the FOIA for its remedy.

In the Brief, ADP takes another stab at establishing a statutory basis for its record-retention claim, arguing that various provisions of the County Government Code, Ark. Code Ann. § 14-14-101 *et seq.*, impose requirements "on the County's Quorum Court." These record-keeping requirements are on their face applicable to the conduct of public meetings and the official documents of the county legislature. They do not make anyone besides a justice of the peace the custodian of that justice of the peace's correspondence. The Reply tries yet another angle, arguing that Ark. Code Ann. § 14-14-1101(a)(5) means that Judge Hyde has "custody of county property." Again, the cited statute simply does not speak to these facts. The FOIA entitles a requestor only to public records in the custodian's possession.

ADP also argues that the prospect of litigation created an obligation on Blackwood's part to retain all of her text messages relating the passage of the

Ordinance. Reply, at 25. Even if Blackwood anticipated litigation about the regulatory issues raised by the application of Ordinance, this is a very different prospect than litigation about the passage of the Ordinance. The alleged failure under Fed. R. Civ. P. 37(e) – long before represented by counsel or the passage of an ordinance which the sponsor anticipated might be challenged in court – cannot create a cause of action where one does not otherwise exist.

CONCLUSION

On the face of its Complaint, Plaintiff ADP Little Rock Data Hub LLC cannot meet the statutory requirements to obtain an order under Ark. Code. Ann § 25-19-107 compelling production from Separate Defendant Julie Blackwood. This Court should dismiss the Complaint.

Date: November 20, 2026

Respectfully submitted,

John T. Adams
Ark. Bar No. 2005014
JAMES & CARTER, PLC
100 River Bluff Drive, Suite 420
Little Rock, Arkansas 72202-2213
Tel 501.372.1414
jadams@jamescarterlaw.com
*Counsel for Julie Blackwood*