**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADP LITTLE ROCK DATA HUB, LLC** **PLAINTIFF**

**vs.** **Case No. 4:26-cv-1196-LPR**

**PULASKI COUNTY, ARKANSAS;**
**BARRY HYDE, in his official capacity**
**as Pulaski County Judge;**
**JULIE BLACKWOOD, in her official capacity**
**as Pulaski County Justice of the Peace** **DEFENDANTS**

# AGREED PROTECTIVE ORDER

Before the Court is the Joint Motion for Protective Order filed by Plaintiff ADP Little Rock Data Hub, LLC and Defendants Pulaski County, Arkansas; Barry Hyde, in his official capacity as Pulaski County Judge; and Julie Blackwood, in her official capacity as Pulaski County Justice of the Peace. The parties represent that the forthcoming preliminary injunction hearing on November 20, 2026, will require the exchange of confidential information between the parties. Pursuant to Fed. R. Civ. P. 26(c), and based on the agreement and joint submission of the parties, the Court hereby issues a protective order with the following terms:

1. Definition. "Confidential" means any document or information the privacy or confidentiality of which is protected by law or that should be protected from disclosure as sensitive or confidential business or personal information, including medical records, tax records, financial information, employment records, or other highly sensitive and proprietary information such as trade secrets, business models, and confidential research, development, or other commercial information.

2. Scope. All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information,

tangible objects, information, any "writing" and "recording" as defined in Rule 1001 of the Federal Rules of Evidence, and other things produced, provided, or disclosed in the course of this action (including by third parties) which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom, (hereinafter referred to collectively as "documents") will be subject to this Order as set forth below.

3. Documents Designated CONFIDENTIAL. A party may designate documents or information as confidential and restricted in disclosure under the Order by placing or affixing the word "CONFIDENTIAL" on the document or otherwise in clear association with the information.

4. Depositions. Subject to these requirements, a party may designate portions of any deposition transcript (including exhibits) as confidential and restricted in disclosure under the Order. The designation must be made on the record during the deposition or by letter sent by facsimile or electronic mail to all counsel within thirty (30) business days after receipt of the transcript, or file-marked entry of this Order, whichever date is later. Regardless of designation, the portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this protective order until 5:00 p.m. Central Time on the thirtieth (30th) business day after receipt of the transcript.

5. Protection of Documents and Information Designated CONFIDENTIAL.

a. Information and documents designated CONFIDENTIAL under this protective order shall not be used for any purpose whatsoever other than the prosecution, defense, or settlement of this action and any appeal thereof. The parties and counsel for the parties will not, directly or indirectly, disclose or permit the disclosure of any documents or information designated CONFIDENTIAL to any person or entity, except

as expressly provided below. No individual person shall use documents or information designated CONFIDENTIAL to the detriment of the producing party or for any other business or financial benefit of the individual.

b. Subject to these restrictions, information and documents designated CONFIDENTIAL pursuant to this protective order may be disclosed or made available only to the "qualified" persons designated below, each of whom (except for the Court and Court personnel) shall be required to read this protective order and agree to abide by its terms:

i. Counsel for each party actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

ii. Each party to the litigation;

iii. Each consultant or expert for any of the parties;

iv. The Court and Court personnel;

v. Each court reporter involved in this litigation;

vi. A witness at a deposition or other proceeding in this action with the express understanding that any portions of that testimony describing or otherwise addressing confidential information will be maintained as confidential as well;

vii. All other individuals agreed by the parties in writing, as long as those individuals agree to be bound by this protective order; and

viii. All other individuals included by order of the Court.

c. The inadvertent production, without designation as CONFIDENTIAL, of information or a document intended to be so designated, or that should have been designated, shall not waive the right to so designate such documents or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as CONFIDENTIAL under this protective order.

d. Counsel for the parties will take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order.

e. In the event of a disclosure in violation of this protective order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

f. Inspection or production of documents will not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

6. Filing of CONFIDENTIAL Documents Under Seal. Any materials submitted to or filed with the Court which contain information designated as "CONFIDENTIAL" shall be filed pursuant to a motion for leave to file under seal, and submitted in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge, the judge's staff, and court personnel, unless and until the Court orders otherwise. To the

extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The parties may agree subsequently to exclude any information or documents from coverage under this protective order. Nothing in this protective order shall restrict any use by a producing party of its own confidential information or documents. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

7. Challenges to Designations. A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe the specific materials for which the designation is being challenged and set forth the reasons those materials are not properly designated as "CONFIDENTIAL." The party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Upon a dispute, only the Court may determine that materials designated as "CONFIDENTIAL" need not be protected against the unauthorized disclosure and will not be treated as "CONFIDENTIAL." Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this protective order pending determination by the Court of the merits of any such challenge.

8. Trial. Subject to the Federal Rules of Evidence, any CONFIDENTIAL information or documents may be offered in evidence at trial or any Court hearing. Any party may move the

Court to prevent unnecessary disclosure of CONFIDENTIAL information and documents. If use of confidential information at trial necessitates the sealing of the courtroom or transcript, a party or the parties must make such motion before or during trial. However, nothing in this protective order automatically entitles a party to a sealed courtroom or transcript during any part of the trial. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

9. Non-Parties. The terms of this Order are applicable to information produced by a non-party in this action and designated as CONFIDENTIAL.

10. Obligations on Conclusion of Litigation. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, any documents designated "CONFIDENTIAL" and all copies in print (other than filings, exhibits, or other papers of record), on computer disc, or in any type of electronic format shall be destroyed or returned to the party which produced the documents. This section does not apply to the Court or to court personnel.

11. Persons Bound. This Order takes effect when entered and is binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED this 20th day of November, 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

Jointly submitted:

**KUTAK ROCK LLP**

__________________________________
Jess Askew III, Ark. Bar No. 86005
Alexander T. Jones, Ark. Bar No. 2015246
Frederick H. Davis, Ark. Bar No. 2012271
Shayla I. Dawson, Ark. Bar No. 2023283
Adam P. Hagler, Ark. Bar No. 2026161
124 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3740
Telephone: (501) 975-3000
Facsimile: (501) 975-3001
jess.askew@kutakrock.com
alex.jones@kutakrock.com
frederick.davis@kutakrock.com
shayla.dawson@kutakrock.com
adam.hagler@kutakrock.com

*Attorneys for ADP Little Rock Data Hub, LLC*

__________________________________
Noah P. Watson
Ark. Bar No. 2020251
WATSON & WATSON LLP
P.O. Box 707
Searcy, Arkansas 72145
(501) 388-4515
noah@watsonlawllp.com

*Counsel for Pulaski County and County Judge Barry Hyde*

__________________________________
John T. Adams
Ark. Bar No. 2005014
JAMES & CARTER, PLC
100 River Bluff Drive, Suite 420
Little Rock, Arkansas 72202-2213
Tel 501.372.1414
jadams@jamescarterlaw.com

*Counsel for Julie Blackwood*